Macy, Admr., Appellee, *v.* Herbert, Treasurer of State, Appellant.

[Cite as Macy v. Herbert (1971), 28 Ohio St. 2d 124.]

(No. 70-444—Decided December 8, 1971.)

Mr. *Edward I. Stillman*, for appellee.

Mr. *William J. Brown*, attorney general, and Mr. *Alan G. Gelbman*, for appellant.

STERN, J. This action to recover damages resulting from a mortgage created subsequent to a fraudulent registration of title to land previously owned by Raymond J. Lenz, deceased, was brought under R. C. 5310.07. The land is subject to R. C. Chapters 5309 and 5310, which deal with registration of land titles in Ohio. In examining the language of these chapters, this court will take notice of R. C. 5310.21, which provides that Sections 5309.02 to 5310.21, inclusive, "* * * shall be construed liberally for the purpose of effecting its general intent."

The first sentence of R. C. 5310.07[1] specifies who is

---

[1] The first sentence of R. C. 5310.07 provides:

"A person who, without negligence on his part, sustains loss or damage, or is deprived of land or of any interest therein, after the original registration of land, by the registration of another person as owner of such land or of any interest therein, through fraud, or in con-

entitled to bring actions to recover from the Assurance Fund, and under what conditions such right shall accrue.

The facts indicate that the subject property was originally registered on September 12, 1925, and has remained registered at all times thereafter. Further, through no fault of the plaintiff, the land was fraudulently transferred to Hans Laugesen, Jr., and his wife Edith, who then negotiated a loan from the Richwood Savings and Loan Co., resulting in the subject mortgage being registered on February 6, 1961.

In accordance with the final order of case number 753388, this property was restored, subject to the mortgage, to the estate of Raymond J. Lenz, deceased. At that time, Kenneth Macy, as administrator, acquired such title as would permit him to initiate this action.

The defendant contends that proper parties have not been made defendants to this action. R. C. 5310.08 specifically provides against whom actions under R. C. 5310.-07 shall be brought. The second sentence reads as follows:

"If such action is brought to recover for loss or damage, or deprivation of land, or of any interest therein which arises *wholly* through any actionable fraud, negligence, omission, mistake, or misfeasance of some person other than the recorder or his deputies, or the other officers and their duties or assistants named in this section, *or* which arises *jointly* through the actionable fraud, negligence, omission, mistake, or misfeasance of such other person and the recorder, deputy recorder, or other officers and assistants named in this section, *such action shall be brought against both the Treasurer of State and such officers and their sureties, and such other persons only, as are within the jurisdiction of the court.*" (Emphasis added.)

sequence of any error, omission, mistake, or misdescription in any certificate of title or in any entry or memorandum in the registration book, may bring an action in the Court of Common Pleas of the county in which the land is situated against the Treasurer of State for the recovery of compensation for such loss or damage, or for such land or interest therein, from the Assurance Fund."

Plaintiff has not joined Rosalia Laugesen, Hans Laugesen, Jr., or Edith Laugesen as defendants in this action. Further, summons was not properly served upon Frank S. Day, the former Cuyahoga County Recorder.

Plaintiff contends that Rosalia Laugesen, Hans Laugesen, Jr., and Edith Laugesen no longer reside in Cuyahoga County, and therefore that they are not "within the jurisdiction of the court." The record, however, indicates that they did reside within the state of Ohio. Therefore, in accordance with R. C. 2703.04,[2] they were within the jurisdiction of the court.

Plaintiff also contends that these parties were brought into this case by virtue of the admission in this case of the record from the previous action to quiet title. Such evidence does not constitute compliance with R. C. 5310.-08, *supra*.

Without examining the issue of which parties took part in the fraud, or whether there was any error by the office of the County Recorder, this court holds that the failure to join Rosalia Laugesen, Hans Laugesen, Jr., and Edith Laugesen as defendants in this action, constitutes such non-compliance with R. C. 5310.08, *supra*, as to require reversal of this action.

The defendant also contends that this action is barred by R. C. 5310.12, which provides that no action or proceeding for compensation from the Assurance Fund shall be made, brought or taken, "* * * except within the period of six years from the time when the right to bring such action or proceeding first accrued." Defendant argues that since the original mortgage was recorded on February 6, 1961, and this action was not initiated until March 3, 1967, the statute of limitations has run.

As previously stated, title to the subject property was restored to the estate of Raymond J. Lenz, deceased, by the action to quiet title. In view of the requirement of R.

---

[2]R. C. 2703.04 provides: "When the action is rightly brought in any county, according to Sections 2307.32 to 2307.40, inclusive, of the Revised Code, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request."

C. 5310.07, this court holds that the "right to bring such action or proceeding" could not have accrued until such time as the subject property was vested in the party having sustained the loss or damage.

Defendant further contends that he was denied his right to a jury trial in this action. The defendant relies on R. C. 2311.04, which provides that:

"Issues of law must be tried by the court, unless referred as provided in Sections 2315.26 to 2315.36, inclusive, of the Revised Code. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference is ordered as provided in such sections.

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred."

It must be noted, however, that this action of contract is created by R. C. 5310.07. R. C. 5309.02[3] specifically provides for the *court* to inquire into, "* * * all matters arising under Sections 5309.02 to 5310.21, inclusive, of the Revised Code. * * *"

This section evidenced the intent of the General Assembly as to this issue, and is controlling in the instant matter.

---

[3]R. C. 5309.02 provides: "Concurrent jurisdiction, except as otherwise provided, is hereby conferred upon the Court of Common Pleas and the Probate Court in all matters arising under Sections 5309.02 to 5310.-21, inclusive, of the Revised Code. The Probate Court shall have all the powers at law and in equity of a court of general jurisdiction as to such matters. In counties having three or more judges of the Court of Common Pleas, such judges may select one or more from their own number who shall act as judges in land registration cases and matters. * * * *Such court may inquire* into the condition of the title to all interests in land, legal or equitable, or any lien, charge, or encumbrance thereon, and make all orders, judgments, and decrees necessary to settle, as against all persons known and unknown, in being or unborn, such title or interest, and all liens and encumbrances existing therein, and their order and preference, and remove clouds from such title and forever quiet and settle the title." (Emphasis added.)

We hold that plaintiff's failure to join Rosalia Laugesen, Hans Laugesen, Jr., and Edith Laugesen as party defendants in this action, constitutes such non-compliance with R. C. 5310.08, *supra,* as to require the reversal of the judgment of the Court of Appeals.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN and LEACH, JJ., concur.‘

SCHNEIDER, J., concurring. I concur in the syllabus and judgment because I read the decision as permitting the appellee to institute another action against the Treasurer and the Laugesens (assuming they are still amenable to the processes of the court) prior to June 22, 1972.

In any such action it will be incumbent upon the appellee to satisfy as much of the damages as may be awarded from their property, if any, before a valid judgment may be entered against the Treasurer of State for satisfaction from the Assurance Fund.

For these reasons, it would have been simpler to remand this case for the purpose of satisfying the requirements of R. C. 5310.09.

HERBERT, J., concurs in the foregoing concurring opinion.

---

‘JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.