JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
 {¶ 2} Appellant, Cuyahoga County Child Support Enforcement Agency ("CSEA"), appeals the decisions of the juvenile division of the Cuyahoga County Court of Common Pleas denying CSEA's motions to vacate in five separate cases involving the custody and support of five children.[1]
In all of the five cases, CSEA filed a motion to establish support, which were denied by the magistrate for failure to state a claim upon which relief can be granted. CSEA did not file objections to the magistrate's decisions, and in each of the five cases, the magistrate's decisions were adopted by the trial court. Instead of appealing the trial court's decisions, CSEA filed motions to vacate in each of the five cases — the majority of which were filed well after the thirty day time period for appeal had expired.[2] CSEA now appeals the trial court's decisions denying its motions to vacate.
 {¶ 3} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automated Elec.,Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 151, 351 N.E.2d 113; see, also, Civ.R. 60(B). "The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion."Roberson v. B. Hunt Transp., Inc., Cuyahoga App. No. 81777, 2003-Ohio-1738, at ¶ 16, citing, Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. An abuse of discretion is more than a "mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Roberson at ¶ 16, citing, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 4} Even assuming that CSEA has a meritorious claim and CSEA filed its motions to vacate timely, CSEA has not asserted it is entitled to relief on any one of the five enumerated grounds in Civ.R. 60(B). Nowhere in CSEA's five motions to vacate is any contention that one (or more) of the five grounds entitles CSEA to relief. In fact, the only references to Civ.R. 60(B) are in the beginning of its appellate brief (where it cites GTE) and later buried on page 8 of its appellate brief where CSEA baldly asserts as follows:
 {¶ 5} "In addition, the CSEA (sic) has shown proper grounds under Civ.R. 60(B)(1) and the motions were filed within the time frames provided."
 {¶ 6} There is nothing in CSEA's appellate brief, nor in any of its five motions to vacate, that remotely suggest that it is entitled to relief under one of the five specific grounds listed in Civ.R. 60(B). Even if CSEA is suggesting through its bald assertion that it is entitled to relief pursuant to Civ.R. 60(B)(1), CSEA has completely failed to assert any reasons, facts, or circumstances showing "mistake, inadvertence, surprise, or excusable neglect." Because it is incumbent upon CSEA as the movant to demonstrate all three of the GTE requirements in order to prevail on a Civ.R. 60(B) motion, CSEA's failure to demonstrate that it is entitled to relief under one of the five grounds in Civ.R. 60(B) is fatal to CSEA's appeal. As a result, the trial court did not abuse its discretion in denying CSEA's motions to vacate.
Judgments affirmed.
PATRICIA ANN BLACKMON, J., and JAMES J. SWEENEY, J., CONCUR.
[1] The five cases have been consolidated for this appeal.
[2] For instance, in In re: D.H., bearing case number A.D. 96992272, CSEA filed its motion to vacate on December 16, 2002, which was almost three months after the trial court adopted the magistrate's decision to deny CSEA's motion to establish support. In In re: R.L., bearing case number A.D. 91909076, and In re: L.B., bearing case number A.D. 00900473, CSEA filed its motions to vacate on December 23, 2002, which was almost three months after the trial court adopted the magistrate's decision to deny CSEA's motion to establish support in In re: R.L., and 41 days after the trial court adopted the magistrate's decision to deny CSEA's motion to establish support in In re: L.B. However, it is well-settled that Civ.R. 60(B) "may not be used as a substitute for appeal." Doe v. Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.2d 128,131, 502 N.E.2d 605.