DOE, A MINOR, APPELLEE, ET AL., *v.* TRUMBULL COUNTY
CHILDREN SERVICES BOARD, APPELLANT.

[Cite as Doe *v.* Trumbull Cty. Children Services Bd. (1986),
28 Ohio St. 3d 128.]

(No. 85-1359—Decided December 24, 1986.)

*Harshman, Waldman & Gervelis* and *Mark S. Gervelis,* for appellee.

*Pfau, Pfau & Pfau, William E. Pfau, Jr., Richards, Ambrosy & Fredericka, James A. Fredericka* and *Craig H. Neuman,* for appellant.

WRIGHT, J. Appellant maintains the court of appeals erred by concluding that Civ. R. 60(B) authorizes relief from final judgment when a rule of law, upon which the trial court predicated its holding, is subsequently overruled, revised or modified in an unrelated proceeding. Conversely, appellee argues the rule allows for relief from final judgment where a post-judgment decisional change in the law occurs and the motion for relief from judgment is made within a reasonable time. For the reasons that follow, this court holds that a subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ. R. 60(B) and, further, that a party may not use the motion as a substitute for a timely appeal.

Civ R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

The application of Civ. R. 60(B) was discussed in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], wherein it was stated at paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

It is appellee's position that a subsequent change in the controlling case law constitutes grounds for a Rule 60(B) motion, in spite of the fact

that the judgment from which relief is being sought has become final.[2] Thus, according to appellee, once the time for appeal in the subject cause elapsed,[3] she could nevertheless utilize Rule 60(B) as an avenue to further pursue her claim based upon a subsequent change in the law brought about pursuant to a successful appeal by others in an unrelated case. An examination of various authorities demonstrates that appellee's argument, while imaginative, is not novel and must be rejected.

For instance, although a pre-Civil Rules case, an argument similar to that advanced by appellee was rejected in *State, ex rel. Sylvania Home Tel. Co., v. Richards* (1916), 94 Ohio St. 287, wherein the court stated at 295:

"It must be kept in mind that in each case the jurisdiction of the courts is invoked to adjudicate the rights of the parties in that particular controversy; and when a judgment has been rendered in due course by a court of final jurisdiction the parties should not be left in doubt as to its finality or be led to speculate on the possibility that a different court in a controversy between different parties may afterwards differently decide the legal questions involved. It frequently happens that a court of last resort overrules a reported decision formerly made by it, but no one would contend that the overruling operated to open afresh the controversy disposed of in the overruled case."

It is beyond debate that the principle recognized in *Richards* continues to retain vitality under Civ. R. 60(B). Thus, in *Libby Rod & Gun Club* v. *Moraski* (D. Mont. 1981), 519 F. Supp. 643, the court reasoned at 647:

"Defendants['] view of the controlling case law is erroneous. There is simply no question that a change in the decisional law is not grounds for vacating a final judgment entered on the merits. As stated in 7 *Moore's Federal Practice,* Para. 60.26[3] at 325: '*It should be noted while [Fed. R. Civ. P.] 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another unrelated proceeding.'* " (Emphasis added.)

Accord *Ackermann* v. *United States* (1950), 340 U.S. 193; *Parks* v.

---

[2] Appellee did not appear for oral argument in this cause and her brief does not delineate which section under Civ. R. 60(B) can be employed for relief. Presumably, appellee seeks relief under Rule 60(B)(5). We reach this conclusion on the following basis. First, appellee has not alleged mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, so as to qualify for relief under Civ. R. 60(B)(1) through (3). Second, it is well-settled that relief under Civ. R. 60(B)(4), "* * * is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." Wright & Miller, Federal Practice and Procedure (1973) 204, Section 2863.

[3] Pursuant to App. R. 4(A), appellee had thirty days in which to institute an appeal.

*U.S. Life & Credit Corp.* (C.A. 11, 1982), 677 F. 2d 838; *NLRB* v. *Koenig Iron Works* (C.A. 2, 1982), 681 F. 2d 130, 147; *Carter* v. *Romines* (C.A. 8, 1979), 593 F. 2d 823; *Marshall* v. *Bd. of Edn.* (C.A. 3, 1978), 575 F. 2d 417; *De Filippis* v. *United States* (C.A. 7, 1977), 567 F. 2d 341; *Lubben* v. *Selective Service System Local Bd. No. 27* (C.A. 1, 1972), 453 F. 2d 645; *Burnside* v. *Eastern Airlines* (C.A. 5, 1975), 519 F. 2d 1127; *Annat* v. *Beard* (C.A. 5, 1960), 277 F. 2d 544; *Collins* v. *Wichita* (C.A. 10, 1958), 254 F. 2d 837; *Title* v. *United States* (C.A. 9, 1959), 263 F. 2d 28; *Berryhill* v. *United States* (C.A. 6, 1952), 199 F. 2d 217; *Loucke* v. *United States* (S.D.N.Y. 1957), 21 F.R.D. 305; *Schmidt* v. *Schubert* (E.D. Wis. 1978), 79 F.R.D. 128; *Creedon* v. *Smith* (E.D. Ohio 1948), 8 F.R.D. 162.

The rationale which compels the rejection of appellee's argument is clear—that being the strong interest in the finality of judgments. To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there being "no change in the law." *Parks* v. *U.S. Life & Credit Corp., supra,* at 841. Moreover, acceptance of appellee's attempted employment of a motion under Rule 60(B) would do violence to the well-settled principle that "* * * [t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann, supra,* at 198. See, also, *Polites* v. *United States* (1960), 364 U.S. 426.

We emphasize that no appeal was instituted after the trial court dismissed the complaint by entry dated April 28, 1983. Subsequent to the judgment in *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd., supra,* appellee filed the subject Rule 60(B) motion in an attempt to benefit from the perceived change in the law spawned by that case. See, *e.g., Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204. It is axiomatic, however, that Civ. R. 60(B) may not be used as a substitute for appeal. *Ackermann* v. *United States, supra*; *Burnside* v. *Eastern Airlines, supra*; *Annat* v. *Beard, supra*; 7 Moore's Federal Practice (1985), Paragraph 60.18[8], at 140; *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684 [23 O.O.3d 551]; *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243 [18 O.O.3d 442]; McCormac, Ohio Civil Rules Practice (1986 Supp.) 164, Section 13.27.

For the foregoing reasons, the judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.