Michael Mundy is appealing from the decision of the Common Pleas Court of Greene County, Ohio, denying Mundy's motion for relief from judgment under Civ.R. 60(B).
Mundy had filed a complaint against defendant Bohman alleging a 1983 civil rights violation on the grounds that Bohman had ineffectively represented Mundy in a criminal action wherein Mundy had pled guilty to two counts of aggravated trafficking. Upon cross motions for summary judgment, the Common Pleas Court denied Mundy's motion and granted Bohman's motion for summary judgment, finding that Mundy had failed to allege facts sufficient to support a finding of action under color of state law for the 1993 claim, that he failed to state a claim under Civ.R. 12(B)(6) and 56, and that as to the malpractice issue, Mundy had voluntarily and knowingly consented to the plea negotiations and his plea of guilty. This decision was entered on April 10, 1997, and no direct appeal was filed therefrom.
On June 11, 1997, Mundy filed his motion for relief from judgment alleging the exact same claims and allegations that he had made in his original complaint, and which the trial court had dealt with directly in its decision granting Bohman summary judgment.
The law is clear in Ohio, however, that "a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." Doev. Trumbull Cty. Services Bd. (1986), 28 Ohio St.3d 128, syllabus 2. The Supreme Court in that case even stated that "it is axiomatic" that Civ.R. 60(B) may not be used as a substitute for appeal. Id., at 131, citations omitted. It is clear on the face of the record, which includes Mundy's memorandum in support of his motion for relief under 60(B), that he raises only the same issues he raised in his complaint which the court dealt with in its decision from which Mundy did not appeal.
Mundy candidly states in his Reply Brief that he "did not file a timely appeal" because he wanted "to try and give the trial court a chance to correct the manifest injustice." Civ.R. 60(B), however, is not on the books to give losers second chances to try to get the trial court to change its mind. If it were, where would it end? Third chances? Fourth chances?
Mundy's two assignments of error, that the trial court erred in granting summary judgment to the defendant, and that the defendant violated Mundy's right to effective counsel are overruled, and the judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Michael Mundy
Felix J. Gora
Hon. M. David Reid