OPINION
Plaintiff Lu-An-Do, Inc., appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Cincinnati Insurance Company, finding the policy of insurance issued by defendant does not provide coverage to plaintiff for any personal property loss it incurred arising out of a fire to a building located at 3214 Lincoln Way East, Massillon, Stark County, Ohio. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHERE THE FIRE INSURANCE POLICY ISSUED BY DEFENDANT, CONTAINED A LOSS PAYMENT PROVISION WHICH CLEARLY ENTITLED PLAINTIFF/APPELLANT TO FULL PAYMENT TO THE EXTENT OF ITS FINANCIAL INTERESTS IN THE BUSINESS PERSONAL PROPERTY DESTROYED IN THE FIRE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN APPLYING A NON-STATUTORY DEFINITION OF "MORTGAGE" RESTRICTING CINCINNATI'S DUTY TO PAY FOR ONLY FIRE LOSS TO THE EXTENT OF PLAINTIFF/APPELLANT'S FINANCIAL INTERESTS IN THE BUILDING ALONE WHERE THE TERM "MORTGAGE" WAS NOT OTHERWISE DEFINED IN THE CINCINNATI FIRE POLICY AND WHERE THE STATUTORY DEFINITION CONTAINED IN O.R.C. 129.31(e) AND 122.71(b) DEFINES THE TERM MORTGAGE TO INCLUDE A COMBINATION OF A MORTGAGE AND FINANCING STATEMENT WHEN A PROJECT CONSISTS OF BOTH REAL AND PERSONAL PROPERTY.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING PLAINTIFF/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULES 60(B)(1) AND (5).
The record indicates appellant sold a building and restaurant business located at 3214 Lincoln Way East, Massillon, to Terry A. Todd. Todd was later convicted of arson, insurance fraud, and falsification in connection with a fire at the premises. Appellee Cincinnati had issued a fire insurance policy to Todd for the building and his personal property. Appellant was named as the mortgage holder on the policy, and had perfected a U.C.C. security interest in the personal property. After the fire, appellee Cincinnati acknowledged liability to appellant for the balances of principal and interest owed on the building, but denied any liability for damage to personal property at the premises. This court, in State v. Todd (January 12, 1998), Stark Appellate #1996CA00269, unreported, reversed Todd's conviction for arson and insurance fraud.
Appellant and appellee filed cross motions for summary judgment. The trial court overruled appellant's motion and sustained appellee's.
The trial court found the policy issued by appellee clearly does not provide coverage to appellant for personal property. The court found the insurance policy is not ambiguous nor is it susceptible to more than one interpretation, and for this reason, the court must interpret the contract according to its common ordinary, unambiguous meaning. The trial court found the mortgage-holder coverage insured appellant's interest in the building at the premises, but not the personal property within the building. The contract specifically provided coverage for loss of or damage to the buildings or structures to each mortgage holder, Building and Personal Property Coverage form, Section F 2(b). The trial court noted appellant was not named in the policy in any manner or capacity other than holder of the mortgage, and for this reason, the sole coverage provided to the mortgage holder under the policy was for damaged buildings or structures. Appellant claimed a loss of $97,000.00 in the destroyed personal property.
The record indicates appellant's claim for the $97,000.00 of personal property was based on a promissory note and U.C.C. financing statement.
We have reviewed the record, and we find the trial court correctly found the term mortgage holder was not ambiguous, and referred to appellant's interest in the structure and building on the premises, but not the personal property the structures might contain.
Appellant also asserts our reversal of Todd's criminal conviction requires reversal of the within. The trial court's judgment entry of October 9, 1997 does not rely upon Todd's criminal conviction as an underlying ground for the court's holding that appellee's insurance policy does not provide coverage to appellant for personal property.
We find the policy language is clear and unambiguous, and provides coverage to appellant for loss or damage to buildings or structures.
The first and second assignments of error are overruled.
 III
Appellant filed a motion for relief from judgment pursuant to Ohio Civ.R. 60(B). Civ.R. 60(B) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reasons justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1)(2)and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the Ohio Supreme Court held to prevail upon a motion brought pursuant to Civ.R. 60(B), the moving party must show a meritorious defense or claim to present if relief is granted, grounds as stated in Civ.R. 60(B) (1 through 5), and must also show the motion is timely. Appellant's motion for relief from judgment did not demonstrate any grounds for vacation of the summary judgment, but merely presented further argument on its original position. The evidentiary materials neither state nor support any of the reasons listed in the Rule for vacating a judgment. Appellee characterizes appellant's motion as a substitute for an appeal, and Ohio courts have frequently held Civ.R. 60(B) does not substitute for an appeal, see Doe v.Trumbull County Children's Services Board (1986),28 Ohio St.3d 128.
We find appellant has not complied with the requirements of Civ.R. 60(B), and accordingly, the trial court did not err in overruling its motion.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.