On July 31, 1998, the Stark County Common Pleas Court awarded sanctions to appellee Allen Carter based on the failure of appellant Mark Turner to appear at a scheduled deposition. The court ordered appellant to pay attorney fees in the amount of $688.75, and court reporter fees in the amount of $76.10. On August 6, 1998, appellant filed a motion styled as a Civ.R. 60(B) motion for relief from judgment. As appellant did not properly raise a claim pursuant to Civ.R. 60(B), but rather argued the original motion for sanctions, the court treated the motion as a motion to reconsider. The court overruled the motion on August 26, 1998. Appellant filed a Notice of Appeal from this judgment on September 9, 1998.
It is apparent that appellant's arguments are all directed toward the July 31, 1998 judgment of the court, which was not timely appealed pursuant to App.R. 4(A). A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. E.g.,Doe vs. Trumbull County Childrens' Services Board (1986),28 Ohio St.3d 128. Therefore, appellant's motion for relief from judgment pursuant to Civ.R. 60(B) was inappropriate, as he used the motion as a substitute for appeal. Although the court treated the motion as a motion for reconsideration, a motion to reconsider a final judgment in a trial court is a nullity.Pitts vs. Ohio Department of Transportation (1981), 67 Ohio St.2d 378,379.
As appellant failed to timely appeal, the judgment awarding sanctions to appellee, the appeal is dismissed for want of jurisdiction.
By: Reader, J., Gwin, P. J. and Farmer, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed for want of jurisdiction. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES