OPINION
In this appeal, Eduarldo Tucker challenges several adverse rulings in the Dayton Municipal Court. The procedural history of this case is as follows:
10-15-1997: Samita McDonald filed a claim against Tucker for $1,754.12 in the Small Claims Division.
11-24-1997: A decision and entry signed by a magistrate and judge was filed which reads in its entirety as follows:
This small claim action was tried on NOVEMBER 12, 1997, at 8:30 A.M. before the undersigned upon the cause stated in the claim.
THE COURT FINDS:
 That the plaintiff has failed to prove his case by a proponderance (sic) of the evidence adduced at the time of trial. Order case DISMISSED at Plaintiff's costs.
 12-5-1997: A decision and entry signed by a magistrate and judge was filed which reads in its entirety as follows:
 This small claim action was tried on NOVEMBER 12, 1997, at 8:30 A.M. before the undersigned upon the cause stated in the claim.
THE COURT FINDS:
 That the plaintiff has proved his case by a preponderance of the evidence adduced at the time of trial. IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that Plaintiff recover of Defendant the principal sum of $1,754.12, with interest at 10% per cent per annum from the 12TH day of NOVEMBER, 1997 plus costs.
 12-9-1997: An order and entry signed by a magistrate and judge was filed which reads in its entirety as follows:
This matter came on for trial November 12, 1997, at 8:00 A.M. before the undersigned upon Plaintiff's small claims complaint. The Plaintiff and Defendant both appeared for trial. At the conclusion of all the evidence the Court took the matter under advisement. On November 24, 1997 the Court Magistrate inadvertently made a clerical mistake on the Decision and Entry filed November 24, 1997 by granting judgment to Defendant. The Court corrected the mistake by filing a Decision and Entry on December 5, 1997 granting judgment to Plaintiff.
It is therefore Ordered that the Decision Entry filed November 24, 1997 be VACATED.
1-22-1998: Tucker, now represented by counsel, filed a "motion to strike" which reads in its entirety as follows:
NOW COMES the Defendant Eduarldo Tucker, by and through his Volunteer Lawyers Project attorney, moving this Court to strike the decision and entry filed in the above-captioned case on December 5, 1997. Judgment was entered by this Court on November 24, 1997 and never vacated. The judgment of November 24, 1997 carries the force of law, and until some action is made to vacate that judgment, the decision and entry of December 5, 1997, is without any legal force and effect.
It is the belief of the Defendant that the Plaintiff Samita McDonald has taken some action to attempt to collect based upon the invalid decision and entry filed on December 5, 1997.
WHEREFORE, Defendant prays that the decision and entry filed on December 5, 1997 be struck from the record and that Defendant be awarded his costs for having to remove this improper and unlawful decision and entry.
Alternatively, if this Court intends to vacate the decision of November 24, 1997, Defendants prays (sic) that any such action be conducted in accordance with the Ohio Rules of Civil Procedure, that the Defendant be given proper notice and that the Defendant be given an opportunity to be heard.
2-4-1998: The trial court entered a decision and judgment which provided in its entirety as follows:
The court has reviewed this matter, and it appears that the judgment dated 12/5/97 was an effort to correct an error in the judgment itself. Subsequently, although not captioned as such, the Court entered a judgment Nunc Pro Tunc on 12/9/97. Therein the Court says that the prior entries were based on a clerical mistake dating back to 11/24/97 by granting judgment to defendant and not the plaintiff.
It is well settled that the Court should use a Nunc Pro Tunc order solely to supply omissions or to correct clerical errors, so that the record can reflect action actually taken at an earlier time. It cannot be used to modify a prior judgment entry to reflect a revised conclusion. McKay v. McKay 24 OApp.3d 74 (1985) (sic). Further, Civil Rule 60(A) authorized the Court to correct a clerical error by a Nunc Pro Tunc order, but not to change something that was deliberately done. Dentsply International, Inc. v. Kostas 26 OApp3d 116 (1985) (sic).
Wherefore the defendants (sic) Motion to Strike, filed 1/22/98, is hereby overruled.
3-6-1998: Tucker filed a notice of appeal from the decision and judgment of February 4, 1998.
7-1-1998: Tucker filed a Civ.R. 60(B) motion for relief from judgment in the trial court and a motion to stay appeal in this court pending the trial court's disposition of the Civ.R. 60(B) motion. The motion for relief from judgment was based on claims of newly discovered evidence and fraud.
7-27-1998: This court granted the requested stay.
2-19-1999: The trial court denied Tucker's motion for relief from judgment.
In this court, Tucker advances two arguments:
 I. THE DAYTON MUNICIPAL COURT'S JUDGMENT OF FEBRUARY 8, 1998 IS INVALID AND WITHOUT LEGAL EFFECT.
 II. THE DAYTON MUNICIPAL COURT INCORRECTLY DENIED EDUARLDO TUCKER'S MOTION FOR RELIEF FROM THE SECOND JUDGMENT.
Addressing these arguments in the reverse order from which they are presented, we must reject the second argument, which clearly pertains to the February 19, 1999 order denying Tucker's Civ.R. 60(B) motion for relief from judgment based on newly discovered evidence and fraud. Tucker has not perfected an appeal from this order. The March 6, 1998 notice of appeal was, by its terms, confined to the February 4, 1998 order overruling the motion to strike. No notice of appeal was filed as to the February 19, 1999 order denying Civ.R. 60(B) relief, and no attempt was made to amend the March 6, 1998 notice of appeal to embrace that order.
Turning to the first argument, we have our doubts as to whether Tucker's motion to strike was a cognizable remedy for correcting the December 5, 1997 judgment in favor of McDonald, which Tucker claims was erroneously entered. Rather, we believe the appropriate remedy was a timely appeal from the December 5, 1997 judgment and/or a timely appeal from the December 9, 1997 order vacating the November 24, 1997 judgment of dismissal in Tucker's favor.
In order to reach the merits of the merits of Tucker's first argument, we have considered treating his "motion to strike" as a Civ.R. 60(B) motion for relief from judgment. It has been held, however, that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v. Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St.3d 128. Here, the alleged error complained of in the first argument — improper use of Civ.R. 60(A) to enter a judgment for McDonald without notice to Tucker — was demonstrable from the record and thus amenable to correction on appeal. Thus, we decline to treat the motion to strike as a motion for Civ.R. 60(B) relief.
Even if Tucker were properly before this court on his contention that the trial court improperly resorted to Civ.R. 60(A) to render a judgment for McDonald, we would reject his argument.
Civ.R. 60(A) provides in part:
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or comission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.
If the trial court's November 24, 1997 decision and entry, in favor of Tucker, was entered as a result of clerical error, it was entitled to enter the judgment it originally intended to enter, in favor of McDonald, on its own initiative and without notice to Tucker.
The December 9, 1997 decision and entry and the February 4, 1998 decision and judgment make it clear that the December 5, 1997 judgment in favor of McDonald was entered to correct a clerical error rather than because of a change of heart as to the merits of the case. It is obvious from looking at the November 24 and December 5, 1997 entries that they are form entries typically utilized in high volume courts. The inadvertent entry of a defendant's judgment when a plaintiff's judgment was intended is readily imaginable. We have no reason to question the veracity of the magistrate and trial judge, and the record provides no basis to do so.
Tucker cites Musca v. Chagrin Falls (1981), 3 Ohio App.3d 192
in support of his argument that the trial court misused Civ.R. 60(A). In that case, the trial court granted Musca injunctive relief against Chagrin Falls' placing a lien on Musca's property. Thirteen days later, the trial court vacated its earlier judgment and authorized Chagrin Falls to place the lien on Musca's property. The trial court acted pursuant to Civ.R. 60(A), describing its earlier judgment as "erroneous." The appellate court stated that this reliance on Civ.R. 60(A) was misplaced.
Musca is distinguishable. The trial court described its earlier judgment as "erroneous." "Error" embraces far more than "clerical mistake." The trial court in Musca did not attribute its earlier judgment to "clerical mistake," and its action in vacating judgment for Musca and entering judgment for Chagrin Falls may well have been for something other than clerical mistake: perhaps a change of heart about the merits. Indeed, the court of appeals described the change as "a complete turnabout." P. 194.
Here, the record fails to rebut what the trial court declared its original judgment for Tucker to be: a clerical mistake.
Because the errors complained of have not been preserved for appellate review, the appeal will be dismissed.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Countess R. Taylor
Richard L. Carr, Jr.
Hon. Alice O. McCollum