OPINION
Defendant, Donald Hartzell, appeals from an order of the court of common pleas denying his Crim.R. 32.1 motion to vacate his guilty pleas. Those pleas, twenty-five in all, were the basis of Hartzell's convictions of the same number of offenses arising from thefts of motor vehicles. The pleas and convictions were entered on March 9, 1993. On June 15, 1993, Hartzell was sentenced to a term of incarceration of from ten to twenty-five years on his numerous offenses.
Hartzell filed a motion for "super shock" probation pursuant to R.C. 2947.06(A). The motion was overruled on a finding that he was ineligible for that relief. On appeal, we affirmed the order of the trial court. State v. Hartzell (April 28, 1995), Montgomery App. No. 14826, unreported.
Hartzell filed a motion for shock probation pursuant to R.C.2947.061. The trial court overruled the motion as untimely filed. On appeal, we affirmed the order of the trial court. State v.Hartzell (June 26, 1998), Montgomery App. No. 16879, unreported.
Hartzell filed an R.C. 2953.21 petition for post-conviction relief, alleging a failure to comply with Crim.R. 11(C) when his guilty pleas were accepted. The trial court dismissed the petition without a hearing. On appeal, we held that because the alleged Crim.R. 11(C) defects could and should have been raised on direct appeal from Hartzell's conviction, they are barred as grounds for post-conviction relief by the doctrine of resjudicata. State v. Hartzell (March 20, 1998), Montgomery App. No. 16470, unreported.
On March 20, 1997, Hartzell filed a motion pursuant to Crim.R. 32.1 asking the trial court to vacate his guilty pleas. Hartzell alleged that his pleas, entered four years earlier, were not knowingly and voluntarily made, that he was denied his right to the effective assistance of counsel, and that the trial court had failed to comply with the requirements of Crim.R. 11(C) when it accepted his pleas.
The court held a hearing on Hartzell's motion. Hartzell offered evidence in the form of his own testimony and his daughter's to show that his attorney had represented that Hartzell would or could receive super shock probation, for which he was ineligible, and that the State had threatened to also indict his daughter on related charges should Hartzell not enter guilty pleas. Hartzell's trial attorney denied making any such representations. Hartzell also attacked his guilty pleas, claiming that the court had failed to advise him that his guilty plea waived the right to be convicted only upon proof beyond a reasonable doubt offered by the State.
The trial court denied Hartzell's motion. The court found the testimony of his attorney more credible. The court also found no Crim.R.11(C) violation.
Hartzell filed a timely notice of appeal from the trial court's order. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING THE PETITION TO VACATE THE GUILTY PLEA.
Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order "to correct manifest injustice." The manifest injustice standard demands a showing of extraordinary circumstances. Statev. Smith (1977), 49 Ohio St.2d 261. Further, the defendant has the burden to prove the existence of manifest injustice. Id.
The term injustice is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v.Trumbull Cty. Children's Services Bd. (1986), 28 Ohio St.3d 128. We believe that the same bar reasonably applies to Crim.R. 32.1.
Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981), 66 Ohio St.2d 473. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief.
Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. In 1996 the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C.2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim.R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim.R. 32.1 relief.
The representations that Hartzell claims his attorney made could have been the subject of a petition for post-conviction relief, either after his conviction or after his motion for "super shock" probation was denied. Hartzell did not seek that relief. Therefore, he cannot demonstrate that a manifest injustice resulted from what his attorney is alleged to have represented.
We find that the grounds for the motion which Hartzell filed fail to demonstrate a manifest injustice required for Crim.R. 32.1 relief. Therefore, the trial court did not err when it overruled the motion, albeit for different reasons. The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT DENIED APPELLANT A FAIR HEARING UNDER THE FEDERAL CONSTITUTION WHEN IT ALLOWED THE PROSECUTION'S KEY WITNESS TO REMAIN PRESENT THROUGHOUT THE HEARING AND WHEN THE COURT DID NOT ORDER THAT WITNESS TO BE EXCLUDED DURING THE HEARING.
Hartzell moved for a separation of witnesses when the hearing on his motion commenced. The State asked for an exception with respect to Attorney David Chicarelli, Hartzell's trial attorney, who was the State's sole witness. The State argued that his presence would be helpful because Hartzell was likely to offer evidence concerning statements that Attorney Chicarelli had made to him, and that on that basis he should be allowed to remain as a "state's representative." (T. 6). The trial court agreed and overruled Hartzell's objection.
Evid.R. 615 states:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
Evid.R. 615 confers a right on a party who has timely moved for a separation of witnesses to be granted that relief. "The Rule is predicated on the well-established and time-honored practice of separating witnesses in order to facilitate the exposure of inconsistencies in their testimony and to prevent the possibility of a witness shaping his or her testimony to conform with that of another." Weissenberger's Ohio Evidence, Treatise, Section 615.1. A trial court that denies the request abuses its discretion under the Rule absent a showing that the witness or witnesses concerned fits one of the exceptions identified in the Rule. Id.
Subsection (2) of the Rule prohibits its application to a prospective witness who is "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The witness then fills the role of the party that a natural person otherwise fills when he or she is a party. In that event, and notwithstanding the fact that the witness later testifies, his or her presence as a party's representative who can assist counsel in presentation of a case on his principal's behalf supersedes the prophylactic purposes of excluding prospective witnesses.
In justifying his request to have Attorney Chicarelli remain as a "state's representative," the prosecutor likened his role to that of a police officer in a criminal case. Police officers are employees of the state, which is the party-plaintiff in a criminal case. On that basis, exclusion of a police officer is prohibited by division (2) of Evid.R. 615 when the prosecutor, acting as the state's attorney, designates the police officer as his client's representative. The same could not apply to Attorney Chicarelli in this instance, as he was not an officer or employee of the State as a party.
The prosecutor argued that Attorney Chicarelli should be permitted to remain and sit at counsel table because he could then be of assistance to the prosecutor in dealing with any evidence that Hartzell might offer concerning what Attorney Chicarelli had said to Hartzell in the course of representing him. No doubt he could, and probably would. The same could be said of any person whose statements or conduct are the subject of evidence which an adverse party offers. However, that is not the test for the exception to the right of exclusion for which Evid.R. 615(B) provides.
The trial court erred when it allowed the prosecutor to designate Attorney Chicarelli as a "state's representative," as he was neither an officer or employee of the State and, therefore, cannot qualify for that exception to Evid.R. 615. However, the error is not reversible because, as we found with respect to the first assignment, the grounds that Hartzell offered in support of his motion were not proper grounds for the relief which Crim.R. 32.1 provides.
The second assignment of error is overruled.
Having overruled both assignments of error presented, we will affirm the judgment from which this appeal was taken.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Andrew T. French, Esq.
John H. Rion, Esq.
Hon. Adele M. Riley