DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee Central Insurance Company's motion for summary judgment. For the reasons that follow, we affirm the decision of the trial court.
This case stems from an October 26, 1994 automobile accident, and appellee's denial of appellant James Fenicle's underinsured motorists claim. This case is now before us for the third time.
In our June 27, 1997 opinion and judgment entry, we affirmed that decision of the trial court denying appellant's claim for underinsured motorist coverage. In our opinion, we relied in part on Ross v. Farmers Ins. Group of Cos. (June 10, 1997), Montgomery App. No. 15865, unreported, in holding that causes of action accruing after October 20, 1994, were governed by R.C. 3937.18 (A)(2),[1] the codification of Am.Sub.H.B. 20.Fenicle v. Central Ins. Co. (June 27, 1997), Fulton App. No. F-96-036, unreported. We further found that appellant's failure to notify appellee of settlement acted to deny him underinsured coverage. Id.
 Ross was reversed by the Supreme Court of Ohio on July 1, 1998. Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. The Ross court determined that the statutory law in effect on the date of entering into the contracts controls the rights and duties of the parties. Id. at syllabus.
Based upon the Ross decision, appellant filed a Civ.R. 60 (B) motion for relief from judgment in the trial court. The trial court agreed that based upon Ross, appellant would be entitled to have the judgment set aside; however, the trial court denied Civ.R. 60 (B) relief because this court further determined that appellant failed to give the necessary notification of settlement.
Appellant appealed the denial of the Civ.R. 60 (B) motion, arguing that the trial court's original decision was unconstitutional and void. This court found that appellant was not entitled to relief from judgment based upon Ross. Fenicle v.Central Ins. Co. (Oct. 8, 1999), Fulton App. No. F-99-006, unreported. In affirming the trial court, albeit for different reasons, this court extensively quoted Doe v. Trumbull Co.Children Services Bd. (1986), 28 Ohio St.3d 128. Paragraph one of the Doe syllabus provides that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60 (B)." The Doe court further opined:
 "To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there being `no change in the law.' [Citation omitted]" Id. at 131.
While the Fulton County appeal was pending, J.W. White filed a complaint against appellant in Toledo Municipal Court for unpaid medical expenses he incurred as a result of the October 26, 1994 accident. Appellant then filed a third-party complaint and motion for declaratory judgment against appellee claiming underinsured benefits. Since the monetary value of appellant's claim exceeded the court's jurisdiction, the case was transferred to the Lucas County Court of Common Pleas.
In its April 19, 1999 opinion and journal entry, the trial court granted appellee's motion for summary judgment based upon the doctrine of res judicata and citing our June 27, 1997 opinion. Appellant then filed a notice of appeal.
Appellant's sole assignment of error provides:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THIRD-PARTY DEFENDANT, CENTRAL INSURANCE COMPANY, ON THE GROUND THAT RES JUDICATA APPLIED."
Appellant argues that the Fulton county judgment is unconstitutional and void and, therefore, the doctrine of resjudicata is inapplicable. The doctrine of res judicata provides that a valid final judgment on the merits and without fraud or collusion operates to bar all subsequent claims arising out of the same transaction between the same parties or those in privity with them. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381;Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus.
Upon review of the history of this case before this court, we find that our October 8, 1999 opinion and judgment entry specifically addresses the issue complained of in the instant appeal and affirms the prior decision of the Fulton County Court of Common Pleas. Accordingly, appellant is barred from relitigating any issue relating to his underinsured motorists claim against appellee. Appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Richard W. Knepper, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] Former R.C. 3937.18 (A)(2) acted to reduce the policy limits of underinsured benefits by any amounts available to the insured. Because appellant's policy limits equaled the tortfeasor's, pursuant to R.C. 3937.18 (A)(2) his underinsured benefits were completely reduced.