OPINION
Defendant-appellant Barry Berch appeals from the denial of his motion for relief from judgment, pursuant to Civ.R. 60(B). Berch contends that the trial court abused its discretion when it denied his motion for relief from a judgment that, among other things, allocated the portion of the children's uninsured medical expenses to be borne by each parent. Mr. Berch contends that neither he nor his attorney were aware that his percentage of these expenses had been increased from 88.7% to 92% when they signed the entry making the change.
We conclude that the trial court did not abuse its discretion in denying the motion for relief from judgment. To the extent that Mr. Berch is contending that the trial court erred when it entered the judgment, he is attempting to substitute the remedy of relief from judgment for the remedy of appeal, which is not proper. To the extent that Mr. Berch contends that his and his trial counsel's assent to the agreed judgment entry was the product of excusable neglect, we conclude that it is not excusable neglect to fail to review a proposed agreed judgment entry before signing it.
Accordingly, the judgment of the trial court is Affirmed.
 I
The parties were divorced in 1989. They have two children, Alyssa Anna Berch, born December 30, 1997 and Zachary Ryan Berch, born February 6, 1999. As a result of plaintiff-appellee Lisa Berch's removal from this state, to the state of Pennsylvania, the rights and duties of the parties were adjusted in an agreed entry filed August 13, 1997. That agreed entry contained a standard order of health care needs for dependent children, the fifth paragraph of which required costs of uninsured medical, dental, optical and all psychological expenses to be shared by the parties in amounts equal to their percentages of total income as reflected in the child support computational worksheet. In denying Mr. Berch's motion for relief from judgment, the trial court asserted these percentages had been: Mr. Berch's share — 88.7%; Ms. Berch's share — 11.3%. Neither party has disputed this assertion.
As a result of motions by both parties concerning child support, child visitation, and the allocation of federal income tax exemptions, an agreed order, signed by both parties and their attorneys, was entered on December 3, 1998. That agreed order contained the following provision:
 Costs of the remaining, medical, dental, optical and all
psychological expenses, shall be shared by Obligor and Obligee in amounts equal to their percentage of total income found on Line 16 of the Child Support Computation
Worksheet, 92% Obligor and 8% Obligee, otherwise agreed as follows: __________.
The percentages quoted above reflect each party's share of the combined adjusted gross income of the parties, as shown on the child support computation worksheet.
On November 22, 1999, Mr. Berch moved for relief from the agreed judgment of December 3, 1998. He specifically requested that the allocation of shares of expenses for uninsured medical, dental, optical, psychological and psychiatric expenses of the children be set aside. This motion was overruled on December 16, 1999. From the overruling of his motion for relief from judgment, Mr. Berch appeals.
 II
Mr. Berch's sole assignment of error is as follows:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING A CIVIL RULE 60(B) MOTION AND BY NOT SETTING ASIDE THE PREVIOUSLY GRANTED JUDGMENT WHERE OPERATIVE FACTS EXIST WHICH DEMONSTRATE GROUNDS FOR RELIEF UNDER THE RULE.
Mr. Berch appears to be arguing both that the trial court erred when it entered the agreed judgment of December 13, 1998, and also that the entry of this agreed judgment was the result of a mistake by Mr. Berch and his attorney. We are unpersuaded by either argument.
To the extent that Mr. Berch is contending that the trial court erred when it rendered the agreed judgment entry of December 3, 1998, he is attempting to substitute the remedy of relief from judgment, pursuant to Civ.R. 60(B), for the remedy of appeal. This he may not do. Doe v. Trumbull Cty. Children Services Bd.
(1986), 28 Ohio St.3d 128, second paragraph of syllabus.
To the extent that Mr. Berch is arguing that the agreed judgment entry of December 13, 1998, was the result of his and his attorney's having failed to read the agreed judgment entry before approving it, we conclude that this contention is properly analyzed as a claim for relief due to Mr. Berch's excusable neglect. Excusable neglect is a ground for relief from judgment, pursuant to Civ.R. 60(B)(1). The determination of whether a particular negligent act or omission is excusable or inexcusable necessarily involves the trial court in the exercise of substantial discretion. We are not prepared to hold that it is an abuse of the trial court's discretion to find inexcusable the failure of a party and an attorney to read carefully the provisions of an agreed judgment entry before approving and signing it.
Mr. Berch's sole assignment of error is overruled.
 III
Mr. Berch's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ___________________ Fain, J.
GRADY, P.J., and YOUNG, J., concur.