OPINION
Defendant, Charlie Runnels, Jr., appeals from an order of the court of common pleas denying his Crim.R. 32.1 motion to vacate his plea of guilty to a charge of Aggravated Burglary, R.C. 2911.11(A)(1).
Runnels' guilty plea was entered on October 8, 1996, pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. In exchange for Runnels' plea, the State dismissed a companion Aggravated Burglary charge.
Prior to accepting Runnels' guilty plea, the court advised Runnels that he was eligible for probation. The advice likewise appears in the waiver of trial and plea notice that Runnels signed.
On November 12, 1996, Runnels was sentenced to serve a term of incarceration of from seven to twenty-five years. Runnels filed a notice of appeal. We affirmed his conviction and sentence. See State v.Runnels (December 19, 1997), Montgomery App. No. 16273, unreported.
On January 20, 1998, Runnels filed a petition for post-conviction relief and/or motion to vacate his guilty plea. As and for grounds, Runnels claimed that he was improperly advised that he was eligible for probation when he entered his guilty plea. Runnels argued that he was, in fact, ineligible per R.C. 2951.02 because a prior conviction in Arkansas, of which the court was aware, made him a "repeat offender."
The trial court conducted a hearing on Runnels' two-branch motion. On March 20, 2000, the court denied the post-conviction relief branch, finding that Runnels was eligible for probation when he entered his plea, the prior conviction in Arkansas notwithstanding. Runnels filed a notice of appeal from that conviction on April 19, 2000. On April 25, 2000, the trial court amended the order from which the appeal was taken,nunc pro tunc, to deny Runnels' motion to vacate his plea upon the samefinding.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE HIS "ALFORD" PLEA SINCE HE WAS INAPPROPRIATELY INFORMED THAT HE WAS ELIGIBLE FOR PROBATION AND SHOCK PROBATION.
 Runnels' assignment of error implicates the provisions of Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Runnels' motion to withdraw his plea was made after his sentence had been imposed. Therefore, the "manifest injustice" standard applies. The manifest injustice on which Runnels relies is the trial court's alleged misrepresentation that he was eligible for probation when it accepted his plea.
Crim.R. 11(C)(2)(a) provides that the court may not accept a guilty plea to a felony offense without first addressing the defendant personally and determining that he understands that he is not eligible for probation. If Runnels is correct in his claim that he was ineligible, a violation of Crim.R. 11(C) is demonstrated by the contrary advice that the court gave him. The question presented, however, is whether such a defect demonstrates a "manifest injustice" for which the trial court should have permitted Runnels to vacate his guilty plea per Crim.R. 32.1.
In State v. Hartzell (August 20, 1999), Montgomery App. No. 17499, unreported, we stated:
 The manifest injustice standard demands a showing of extraordinary circumstances. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Further, the defendant has the burden to prove the existence of manifest injustice. Id.
 The term injustice is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
 Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v. Trumbull Cty. Children's Services Bd.
(1986), 28 Ohio St.3d 128, 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1.
 Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief. Id., at p. 2.
The assignment of error is overruled. The order from which this appeal was taken will be affirmed.
BROGAN, J., and FAIN, J., concur.