OPINION
{¶ 1} On June 6, 1999, Christopher Colegrove died from injuries received in a motor vehicle accident. Mother of Christopher is Donna Colegrove; adjudicated father is appellant, Larry Brown.
 {¶ 2} On June 11, 1999, Ms. Colegrove signed a contingent fee contract with the law firm of Elk and Elk for legal representation regarding her son's death. Ms. Colegrove was eventually named administratrix of her son's estate.
 {¶ 3} On December 22, 1999, Ms. Colegrove filed an application to approve the settlement and distribution of wrongful death and survival claim. A hearing was held on same date. Appellant appeared on his own behalf and approved the settlement and attorney fees. On January 20, 2000, the trial court journalized its decision of December 22, 1999 as to settlement, legal fees and survival claim allocation.
 {¶ 4} On February 4, 2000, appellant filed a motion to vacate the judgment on several grounds. By judgment entry filed March 4, 2002, the trial court denied said motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The probate court erred as a matter of law in failing to vacate the judgment entered on December 22, 1999 and journalized on January 20, 2000 for the following reasons:
 {¶ 7} "(A) LACK OF PERSONAL JURISDICTION OVER APPELLANT.
 {¶ 8} "(B) DENIAL OF DUE PROCESS."
 II {¶ 9} "The probate erred as a matter of law in oredering payment of attorney fee to the firm of elk and elk under a contingent fee agreement, without a showing that the fees are reasonable."
 III {¶ 10} "The probate erred as a matter of law in allocating to the survival claim out of a wrongful death settlement fund to pay medical bills."
 I, II, III {¶ 11} Appellant claims the trial court erred in denying his motion for relief from judgment. Appellant assigns as error each branch of his original Civ.R. 60(B) motion.
 {¶ 12} Appellant appeals from the trial court's March 4, 2002 judgment entry denying his motion for relief from judgment. Appellant sought to vacate the December 22, 1999 settlement of the wrongful death and survivor claim, journalized on January 20, 2000. No appeal was filed on the January 20, 2000 judgment entry. We note a Civ.R. 60(B) motion for relief from judgment is not a substitute for appeal. Doe v. TrumbullCounty Children Services Board (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
 {¶ 13} Appellant's claims in his five-branch motion are issues clearly cognizable on appeal. Specifically, the motion challenges the personal jurisdiction of the trial court, the lack of due process for failure to comply with Civ.R. 6 and 19.1, R.C. 2113.07 and 2117.05, Sup.R. 60, 70 and 71 and DR 2-106, and all other reasons enumerated in Civ.R. 60(B)(1) through (5).
 {¶ 14} Upon review, we find appellant failed to properly preserve the issues for appellate review as he failed to timely file an appeal on the trial court's January 20, 2000 judgment entry. A Civ.R. 60(B) motion is not a substitute for a timely appeal and the issues were cognizable on direct appeal without further development of the record.
 {¶ 15} Assignments of Error I, II and III are denied.
 {¶ 16} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Boggins, J. concur.