OPINION
{¶ 1} Defendants-appellants C. Robert Kiger and Marcia Kiger appeal from the December 15, 2003, Judgment Entry of the Fairfield County Court of Common Pleas denying their Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5).
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants C. Robert Kiger and Marcia Kiger are the owners of property called "Reserve E" in the Bo-Ka Woods Addition located in Fairfield County, Ohio. Appellees Allen and Linda Sellers have a driveway that crosses Reserve E.
 {¶ 3} In 1991, a lawsuit involving both parties, among others, was filed in the Fairfield County Court of Common Pleas. At issue in the lawsuit was the parties' rights and responsibilities as to the use and maintenance of private roadways within the Bo-Ka Woods Addition. The trial court, in its decision in such case, held that all parties "are deemed to have an easement for the use of the roads in the Bo-Ka Woods Subdivision for ingress and egress by the most direct route . . . to Tarkiln Road . . ." Pursuant to an Opinion filed in Kiger v.McCullough (April 15, 1994), Fairfield App. No. 34-CA-JUL-1993, 1994 WL 140710, this Court affirmed and adopted the decision of the trial court.
 {¶ 4} Thereafter, on December 20, 1994, appellants filed a complaint for permanent injunctive relief against appellees, alleging that appellees had been trespassing "over and across a portion of [appellants'] property known as Reserve "E" of the Bo-Ka Woods Subdivision without [appellants'] permission . . .". Appellants, in their complaint, sought both injunctive relief as well as monetary damages. Appellees subsequently filed a Motion for Summary Judgment, seeking to establish their permanent easement over appellants' property for purposes of ingress and egress to their premises. Pursuant to Judgment Entries filed on March 12, 1996, and January 16, 1997, the trial court granted such motion, holding that appellees had a permanent easement for purposes of ingress and egress over and across appellants' property.
 {¶ 5} Appellants then appealed, arguing that the trial court erred in granting summary judgment to appellees. As memorialized in an Opinion filed in Kiger v. Sellers (Sept. 30, 1997), Fairfield App. No. 97 CA 00010, this Court reversed the judgment of the trial court and dismissed the appeal, stating, in relevant part, as follows:
 {¶ 6} ". . . we hold the action sub judice is barred by the doctrine of res judicata. Simply put, appellants are not entitled to a claim of trespass or a permanent injunction against appellees for the use of the prescriptive easement over Reserve E, nor are they permitted to further litigate the rights of ingress and egress over Reserve E based upon the 1991 decision.
 {¶ 7} "The trial court's decision on summary judgment results in essentially the same outcome i.e. dismissal. Nevertheless, we find the decision on the merits to be contrary to the doctrine of res judicata. Therefore, we reverse the trial court's judgment and dismiss the complaint."
 {¶ 8} Thereafter, on October 15, 1998, appellees filed a complaint for permanent injunctive relief against appellants, arguing that appellants had interfered with their use of their easement by "blocking their [appellees'] ingress and egress by dumping loads of dirt onto the recently paved easement and further obstructing their [appellees'] usage." After appellees filed a Motion for Partial Summary Judgment, the trial court granted the same, holding, in pertinent part, as follows:
 {¶ 9} ". . . The Fifth District Appellate Court has already reviewed the previous cases and concluded that the parties have previously litigated the rights of the parties concerning the easement and the doctrine of res judicata bars the present Defendants [appellants] from re-litigating the issue. Therefore, the trial court decision in Case No. 91 CV JA 0032 in the Common Pleas Court, Fairfield County, Ohio is the determining case. The Appellate Court determined that the issue of the Plaintiffs' [appellees'] right of ingress and egress, across the Defendants' [appellants'] property, were decided in that case, and concluded that the Plaintiffs [appellees] have a right to ingress and egress across the Defendants [appellants] property. This Court takes notice that the Fifth District Appellate Court has indicated that the rights of ingress and egress across Reserve E have been previously litigated and that the Defendants [appellants] are barred from litigating these rights; therefore, this Court cannot allow the Defendants [appellants] to re-litigate this matter. The Plaintiffs [appellees] are entitled to injunctive relief, based upon the previous trial court decisions."
 {¶ 10} In a separate Judgment Entry filed on March 17, 2000, the trial court enjoined appellants from directly or indirectly interfering in any way or manner with appellees' right of ingress and egress through the existing easement.
 {¶ 11} Appellants then appealed. Pursuant to an Opinion filed in Sellers v. Kiger (Nov. 27, 2000), Fairfield App. No. 2000CA21, this Court dismissed the appeal for lack of jurisdiction. This Court specifically found that the order appealed from was not a final appealable order since appellees' claims for damages and attorney's fees had been set for oral hearing.
 {¶ 12} A hearing before the trial court was then held on April 26, 2001. Via a Judgment Entry filed on April 15, 2003, the trial court ordered appellants to pay appellees $4,205.00 in attorney's fees. The trial court, in its entry, specifically found appellants' actions in dumping dirt and interfering with appellees' use of the easement to be "vindictive, malicious and in direct violation of the 1997 Court of Appeals order."
 {¶ 13} Appellants did not appeal from the trial court's April 15, 2003, Judgment Entry. Rather, appellants, on August 18, 2003, filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5) "so that justice may be served in the instant case." Appellants, in their motion, argued that the trial court's award of attorney fees was "contrary to law" since attorney's fees are not recoverable in the absence of an award of punitive damages. Appellants, in their brief, noted that the trial court had not awarded punitive damages to appellees. As memorialized in an Entry filed on December 15, 2003, the trial court denied appellants' Motion for Relief from Judgment, finding, in part, that the "position taken by the defendants [appellants] constitutes a challenge to the correctness of the Court's original decision on the merits and such a challenge could have been raised by way of appeal and Civil Rule 60(B) relief is not available for a substitute for an appeal."
 {¶ 14} It is from the trial court's December 15, 2003, Entry that appellants now appeal, raising the following assignment of error:
 {¶ 15} "The trial court abused its discretion in overruling defendants' motion for relief from judgment under Civil Rule 60(B)(5)."
 I {¶ 16} Appellants, in their sole assignment of error, argue that the trial court erred in overruling appellants' Motion for Relief under Civ.R. 60(B)(5). We disagree.
 {¶ 17} As is stated above, the trial court, pursuant to a Judgment Entry filed on April 15, 2003, ordered appellants to pay attorney's fees to appellees. Rather then file a timely direct appeal from such Judgment Entry, appellants, on August 18, 2003, filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5). Appellants, in their motion, argued that the trial court erred in awarding attorney's fees to appellees since such fees are not recoverable when, as in the case sub judice, there is no award of punitive damages.
 {¶ 18} However, we note a Civ. R. 60(B) motion for relief from judgment is not a substitute for a timely appeal. Doe v.Trumbull County Children Services Board (1986),28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. The issue raised in appellants' Motion for Relief From Judgment was cognizable on direct appeal. As noted by the trial court in its December 15, 2003, Entry, appellants' motion "constitutes a challenge to the correctness of the Court's original decision on the merits and such a challenge could have been raised by way of appeal and Civil Rule 60(B) relief is not available for a substitute for an appeal."
 {¶ 19} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 20} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.