OPINION
{¶ 1} Appellant Ronald Wert ("appellant") appeals the decision of the Morrow County Court of Common Pleas that denied his motion for relief from judgment pursuant to Civ.R. 60(B). The following facts give rise to this appeal.
 {¶ 2} On September 9, 2003, pursuant to the trial court's order of foreclosure, ABN AMRO Mortgage Group, Inc. ("ABN") notified appellant about the details of the sale of his residence. ABN foreclosed on appellant's property due to appellant's failure to make mortgage payments in a timely manner. On October 2, 2003, ABN notified appellant, by letter, that the mortgage could be reinstated if he paid $10,371.01 by noon on October 15, 2003. Appellant sent a check to ABN on October 6, 2003, in the amount of $8,695.76. Thereafter, on October 10, 2003, appellant's residence was sold at a sheriff's sale, to ABN, for the sum of $120,000. The trial court filed a judgment entry confirming the sale and ordering deed on November 7, 2003.
 {¶ 3} On February 6, 2004, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) seeking to set aside the sale of the real estate. In his motion, appellant claimed misrepresentation and other misconduct by ABN. On January 6, 2005, the trial court denied appellant's motion for relief from judgment. Appellant timely filed a notice of appeal from the trial court's denial of his 60(B) motion and sets forth the following assignment of error for our consideration:
 {¶ 4} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS MOTION FOR RELIEF FROM JUDGMENT."
 I {¶ 5} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion for relief from judgment. We disagree.
 {¶ 6} The record in this matter establishes that the trial court filed a judgment entry confirming the sale and ordering deed on November 7, 2003. Appellant did not appeal the trial court's judgment entry. Instead, on February 6, 2004, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). In this motion, appellant claims misrepresentation and other misconduct by ABN. A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v. Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
 {¶ 7} The issues raised in appellant's Civ.R. 60(B) motion were cognizable on direct appeal from the November 7, 2003, judgment entry confirming the sale and ordering deed, and constituted a challenge to the correctness of the trial court's original decision confirming the sale of appellant's real estate. After the expiration of the time period for filing a timely notice of appeal, appellant may not use a Civ.R. 60(B) motion as a substitute for a timely direct appeal.
 {¶ 8} Appellant's sole assignment of error is overruled.
 {¶ 9} For the foregoing reasons, the judgment of the court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., concurs in judgment only.
Edwards, J., concurs separately.