OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellants, Teri L. Paskel, and her children, Dusty L. Paskel and Tara N. Paskel, appeal the trial court's judgment entry dated May 15, 1998, overruling their motion for relief from judgment.
On October 21, 1989, appellant Teri L. Paskel was operating an automobile owned by her parents, Veldon and Mildred Peterson ("the Petersons"), that was involved in a collision.[1] The auto was also occupied by her children. The Petersons' automobile was insured by appellee, Allstate Insurance. The accident was a chain-reaction crash, during which appellants were struck from behind by two vehicles. Kevin Piros ("Piros"), who was insured by Nationwide Insurance Company ("Nationwide"), operated one car and Rebecca Johnson ("Johnson"), an uninsured motorist, was driving the other automobile. As a result of the automobile accident, appellants filed a lawsuit against Piros, Johnson, Nationwide, and appellee. The trial court dismissed appellee as an improper party in the case. Thereafter, appellants settled their claim with Piros and obtained a judgment against Johnson in the amount of $56,000. Appellants submitted a demand to appellee for payment under the underinsured/uninsured motorist provision of the policy, but appellee denied coverage.
On September 8, 1992, appellants filed a complaint against appellee for breach of an insurance contract and bad faith. On November 24, 1992, appellants filed a partial motion for summary judgment. After an oral hearing on the motion, the trial court granted appellants' motion for summary judgment on May 23, 1995. Appellee timely appealed from that decision. This court reversed and remanded the case to the trial court for proceedings that were to be consistent with our opinion. Paskel v. Allstate Ins. (Apr. 12, 1996), Trumbull App. No. 95-T-5270, unreported, at 8 ("Paskel"). Subsequently, appellants appealed to the Supreme Court of Ohio, but the appeal was denied.
Thereafter, on October 24, 1996, appellee moved for a summary judgment. In response to this court's decision in Paskel I, the trial court granted the motion for summary judgment on December 18, 1996. From that decision, appellants filed a motion for relief from judgment on January 9, 1997. Appellants also filed another notice of appeal with this court on January 15, 1997, asserting that the trial court erred in granting appellee's motion for summary judgment. We dismissed that appeal, sua sponte, for failure to prosecute. See Paskel v. Allstate Ins. (June 16, 1997), Trumbull App. No. 97-T-0009, unreported ("Paskel II").
In a judgment entry dated May 15, 1998, the trial court denied appellants' motion to vacate judgment. It is from that decision that appellants timely filed the instant appeal and now asserts the following assignment of error:
 "The Trial Court erred by denying Plaintiffs-Appellants [sic] Motion to Vacate Judgment."
Appellants claim that the trial court improperly granted summary judgment where genuine issues of material fact remain as to appellants' claim for bad faith.
However, although appellants argue that the trial court erred in granting appellee's motion for summary judgment, we note that the trial court's decision to grant appellee's motion took place on December 18, 1996. Appellants appealed from that decision on January 15, 1997. Yet, in Paskel II, that appeal was dismissed for failure to prosecute. Thus, since appellants took no action inPaskel II and failed to file a brief with this court on the issue of the granting of summary judgment, the time has run for them to now raise that issue in this appeal. We note that a motion for relief from judgment cannot be used as a substitute for an appeal and does not extend the time for an appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, 131; see, also,Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 384. Therefore, appellants' summary judgment argument will not be addressed in this opinion. Instead, we will turn to the appellants' contention that the trial court erred in overruling their motion to vacate judgment.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. In re Jane Doe One (1991), 57 Ohio St.3d 135,137; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Further, in the case of Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, the Supreme Court of Ohio explained that:
 "`"(A)n abuse of discretion involves far more than a difference in (* * *) opinion (* * *). The term discretion in itself involves the idea of choice, of an exercise of the will, of a determination made between competing consideration. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *"' State v. Jenkins (1984), 15 Ohio St.3d 164, 222, * * *."
In the case at bar, appellants have not demonstrated any of the criteria set forth in GTE to prevail on their motion for relief from judgment. Thus, in our view, the trial court did not abuse its discretion in not granting appellants' motion to vacate judgment. Hence, we conclude that the trial court acted in a reasonable and conscionable manner, and the result was not "so palpably and grossly violative of fact and logic."
Moreover, appellants rely on two cases in their brief, StaffBuilders, Inc. v. Armstrong (1988), 37 Ohio St.3d 298 and Hoskinsv. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272. In both actions, the insured was entitled to recover under the insurance contract. Additionally, in both matters, the insurance policy was in effect and a valid cause of action for a bad faith dealing with an insured was permissible. See Staff Builders,37 Ohio St.3d at 302; Hoskins, 6 Ohio St.3d at paragraph one of the syllabus.
As we determined in Paskel I, "* * * a material breach of the insurance contract [occurred]. Accordingly, [appellee] clearly is not required to pay under this claim under Ohio law because of [appellants'] failure to give notice of their desire to settle and the subsequent loss of the insurer's subrogation rights." Paskel,supra, unreported, at 7.
In the case sub judice, since this court determined that appellee did not have an obligation to pay appellants' claim, there was no duty to deal in good faith. Thus, because no policy was in effect, appellee did not violate the terms of the policy with appellants. Therefore, it is our determination that appellee had no duty to act in good faith. Accordingly, we conclude that the trial court did not abuse its discretion when it denied appellants' motion for relief from judgment.
For the foregoing reasons, appellants' assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
NADER, J., O'NEILL, J., concur.
[1] The Petersons' insurance policy with appellee provided both uninsured and underinsured coverage to appellants while they were using the Petersons' automobile.