DECISION
On August 20, 1997, appellant, Kurt A. Looper, registered his nephew, Dominic, in a Juvenile Sexual Offender Program at Columbus Family and Child Guidance Center ("CFCGC") as the result of Dominic sexually abusing his siblings. CFCGC informed appellant of their obligation to inform Franklin County Children Services ("FCCS") and appellant telephoned FCCS from the CFCGC offices.
On May 20, 1998, a dependency, neglect and abuse complaint was filed in the Franklin County Court of Common Pleas on behalf of Dominic, Rashawn and Gerald Elijah, although their legal last name is Looper. Also on that day, a dependency, neglect and abuse complaint was filed on behalf of Ceciley and Elisha Looper. The five children are siblings and lived with appellant, their paternal uncle and legal guardian. The complaints had been dismissed and refiled several times, and appellant contends that the original complaints alleged that he was the abuser. FCCS was awarded temporary custody of Dominic and appellant was awarded temporary custody of the other four children.
On July 20, 1998, appellant filed a contempt motion seeking sanctions against the guardian ad litem and requesting that an African American guardian be appointed on behalf of Dominic. On August 7, 1998, the motion was dismissed on the merits.
On August 17 and 18, 1998, the magistrate conducted a hearing on the complaints which were filed on May 20, 1998, and found all the children to be dependent minors. On August 25, 1998, the trial court adopted the magistrate's decision, which made them wards of the court, maintained legal custody of Rashawn, Gerald, Ceciley and Elisha with appellant and awarded temporary custody of Dominic to FCCS. On December 4, 1998, the trial court awarded temporary custody of Dominic to Michael Payne, Sr., of Dayton, Ohio, a maternal uncle.
Also on December 4, 1998, appellant filed a motion to compel discovery of medical/clinical records concerning the treatment of the children. After a hearing, the magistrate told appellant that the issue was premature and to issue a subpoena. Appellant filed a motion for recusal of the magistrate and judge on January 25, 1999. On January 27, 1999, appellant filed a motion to compel disclosure of information/evidence exchanged between FCCS and psychologist Grady Baccus, Ph.D., who conducted the court-ordered psychological exams. On February 18, 1999, he filed a second motion to compel disclosure of information/evidence exchanged between FCCS and psychologist Grady Baccus because the first motion was mistitled and service was not proper. On March 3, 1999, the magistrate held a hearing on the motions that were filed on January 25, 1999, January 27, 1999 and February 18, 1999, and, on March 15, 1999, the trial court adopted the magistrate's decision which overruled the motion for recusal and ordered FCCS to notify appellant of additional information regarding the children.
On April 19, 1999, the magistrate dismissed appellant's January 27, 1999 and February 18, 1999 motions to compel due to appellant's failure to prosecute his motion. The trial court adopted the decision on the same date, April 19, 1999, but, on April 28, 1999, appellant filed objections to the magistrate's decision. A hearing was held on the objections but no further action was taken.
On May 27, 1999, the trial court adopted the magistrate's decision that granted legal custody of Dominic to Michael and Estelle Payne. Since the Paynes reside in Dayton, the court transferred the case to Montgomery County.
On June 10, 1999, appellant filed objections to the magistrate's findings, which were overruled on July 14, 1999.
Appellant filed a contempt action against FCCS and the Juvenile Court's Office of Protective Services, as well as a motion for relief from judgment, pursuant to Civ.R. 60(B), seeking to vacate the August 25, 1998 decision finding the children to be dependent minors. On September 10, 1999, both the magistrate's decision and the trial court's adoption of that decision, which dismissed the contempt petition filed on June 10, 1999 and denied appellant's Civ.R. 60(B) motion, were filed. Appellant filed objections to the magistrate's decision on September 24, 1999, but the trial court overruled the objections on November 5, 1999. Appellant has filed notices of appeal and raises the following assignments of error:
 1. The Trial Court erred in discontinuing its exclusive original jurisdiction over Dominic K. Elijah (legally, "Looper") by certifying the case to Montgomery County, Ohio, in violation of ORC 2151.23 and Jv.R 34(F).
 2. The Trial Court erred in sustaining the State's petition to certify the case to Montgomery County, Ohio, in violation of Jv.R 34(F) and Jv.R 34(G) in that it adversely affected the rights of the minor and Appellant with regard to the following grounds: a) the Appellant was not Served notice of the transfer; b) the Trial Court's docket does not record notification to Appellant of a "Final Appealable Order" and, thus, the Appellant was prevented from knowing or even suspecting the act of certification; and, c) the transfer (certification) renders the Approved Case Plan moot and thus preempts the espoused goal of reunification.
 3. The Trial Court erred in sustaining the State's nefarious practice of prosecuting the case by use of an Agency-Assigned name instead of the legal name of minors.
 4. The Trial Court erred in denying Appellant's plea to grant the minor child, Dominic, his own attorney, and to replace his GAL pursuant to Jv.R 27, DR 7-101 and DR7-102.
 5. The Trial Court erred in failing to journalize a ruling on Appellant's Objection to Magistrate's Decision to overrule Appellant's "Motion for Disclosure of Impeachment and/or Exculpatory Evidence" while denying the existence of evidence of criminal or other prohibited activity that would sustain Appellant's "Relief Pursuant to Rule 60."
 6. The Trial Court erred in discounting its own eyewitness to the Appellant's receipt of Discovery documents a year after the trial date such that Appellant could not substantiate his contempt, evidentiary, and relief motions.
 7. The Trial Court erred in its application of ORC 2151.04 in its ruling of "Dependency" relative to Dominic Ra Shawn and Gerald Elijah (sic), and in its by-association ruling of Dependency relative to Ceciley and Elisha Looper.
 8. The Trial Court erred when it journalized a Case Plan specifying reunification with the provision that "FCCS will confirm that Dominic attends all scheduled [therapy] appointments. Progress will be measured by caseworker visits and reports from the therapist" while concurrently denying the Trial Court's authority to access therapist information such that it denies minor child and Appellant their rights to a genuine Case Plan pursuant to Jv.R 34(F).
 9. The Trial Court erred in overruling Appellant's motion for magistrate's recusal in spite of ethical canons.
 10. The Trial Court erred in all decisions consequent to the Agency's May 3, 1999, filing of an amended Case Plan in that the Case Plan was never adopted by the Trial Court.
 11. ERROR IN DENYING APPELLANT'S MOTION FOR RELIEF UNDER RULE 60(B) IN VIOLATION OF RULE 60 AND OCR 2151.04.
Many of appellant's assignments of error are issues that should have been raised on direct appeal and are not proper for a Civ.R. 60(B) motion. Civ.R. 60(B) is a mechanism where the court may, if such terms are just, relieve a party from a final judgment for the following reasons:
 * * * (1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. * * *
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the court set forth the requirements a movant must demonstrate to prevail upon a Civ.R. 60(B) motion as follows:
 * * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The moving party must establish the three requirements separately and the test is not fulfilled if any one of the requirements is not met. GTE, at 151. The standard of review for an appellate court of a decision concerning a Civ.R. 60(B) motion is abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is well-settled that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v.Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
Apparently, appellant is not seeking to vacate the judgment granting custody of Dominic to Michael Payne to reach a different result but, rather, he is dissatisfied with the method the court used in reaching the result. Many of the assignments of error set forth in the body of the brief do not correspond with the assignments of error listed and some are not argued at all. Thus, we shall attempt to address the assignments of error as we understand them.
In his first, second, eighth and tenth assignments of error, appellant contends that the trial court erred in transferring Dominic's case to Montgomery County. Appellant should have raised this issue on direct appeal. R.C. 2151.271
provides that the court has the authority to transfer a case to the court of another county on the motion of any party or upon its own motion. Juv.R. 11(A) provides that a transfer to another county may be made if the residence of the child changes. Since Dominic now resides in Montgomery County with the Paynes, who have legal custody, it was not an abuse of discretion for the trial court to transfer the case to Montgomery County. Appellant also argues that the transfer was improper because he did not receive service of the notice of transfer. Appellant received notice because he was present at the hearing when the magistrate ordered the transfer, he received a copy of the magistrate's decision and he filed objections to that decision but did not raise the issue of the transfer. The record demonstrates that appellant was also sent notice of the court's adoption of the magistrate's decision. No rights of appellant were impacted by his not receiving service of the notice by other means.
Appellant argues that the case plan was violated because it called for a reunification of Dominic with him and the other four children. If appellant believes reunification is appropriate, he may file a motion for custody under R.C.2151.417(B).
Finally, appellant challenges the manner in which the trial court approved the case plan. A modification to the case plan was made at the hearing held on May 26, 1999, when the magistrate indicated that the temporary order of custody of Dominic was replaced with an order granting legal custody of Dominic to Michael and Estelle Payne. The case was then transferred to Montgomery County because Dominic and the Paynes were residing in Dayton, in Montgomery County. Appellant filed objections to the magistrate's decision and the trial court overruled the objections on July 14, 1999. Appellant failed to appeal and, thus, the challenges he raises are not properly before the court at this time. Appellant's first, second, eighth and tenth assignments of error are not well-taken.
By his third assignment of error, appellant contends that the trial court erred in proceeding with the cases where the filings referred to the male children using the mother's name, Elijah, rather than their legal names of Looper. Appellant raised this issue at a hearing in May 1998, but the filings continued to indicate Elijah because previous filings used that name. While this may be a frustrating situation for appellant, the juvenile court was not deprived of jurisdiction and there was no confusion regarding which children were involved in the cases. The magistrate indicated that a motion to change the name would be considered if the birth certificates demonstrated the children were named Looper, however, the record does not indicate that such evidence was presented to the court. Appellant's third assignment of error is not well-taken.
By the fourth assignment of error, appellant contends that the trial court erred in denying his request that an African American guardian ad litem be appointed for Dominic. Once again, appellant should have raised this issue on direct appeal. The duties of a guardian ad litem are set forth in R.C. 2151.281(I) and include investigation, mediation, monitoring court proceedings and monitoring the services provided the child by the public children services agency or private child placing agency that has temporary or permanent custody of the child. Appellant failed to establish that the guardian ad litem appointed failed to adequately protect the children's interest. Many of appellant's complaints concerning the guardian ad litem relate to matters outside the record. Appellant's fourth assignment of error is not well-taken.
By the fifth and sixth assignments of error, appellant contends that the trial court failed to rule upon his motions to compel discovery. Since the trial court has granted legal custody to the Paynes and appellant does not seek to reverse such custody, his motions are moot because that is the only relief this court could provide. Appellant's fifth and sixth assignments of error are not well-taken.
By the seventh assignment of error, appellant contends that the trial court erred in finding the children dependent. This issue should also have been raised on direct appeal. Appellant's seventh assignment of error is not well-taken.
By the ninth assignment of error, appellant contends that the trial court erred in overruling his motion for recusal. In Beer v. Griffith (1978), 54 Ohio St.2d 440, the court held that only the Chief Justice of the Supreme Court of Ohio has the authority to pass upon the disqualification of a common pleas judge. R.C. 2702.03 sets forth the proper procedure to raise this issue. Appellant did not follow this procedure. Appellant's ninth assignment of error is not well-taken.
Appellant has also raised a final issue in his brief, although not separately listed as an assignment of error, that the trial court erred in overruling his Civ.R. 60(B) motion. Appellant failed to demonstrate that he has a meritorious defense or claim to present if relief is granted and that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Most of the relief he sought should have been raised on direct appeal which he failed to do. Since a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal, the trial court did not abuse its discretion in overruling his motion. While it appears that the case was not handled well and appellant may have been treated poorly, since he does not seek to change the judgment, this court can provide him no relief. Appellant's "eleventh assignment of error" is not well-taken.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, are affirmed.
BRYANT and LAZARUS, JJ., concur.