OPINION
On May 26, 1964, appellant, David Dawson, and appellee, Joan Dawson, were married. On November 15, 1993, the parties were granted a divorce. Incorporated into the divorce decree was a separation agreement wherein appellant agreed to pay appellee spousal support in the amount of $850 per month for eight years.
On November 10, 1997, appellant filed a motion for modification of spousal support claiming his employment status and income had changed. Appellant had retired from his job due to poor health. A hearing before a magistrate was held on October 14, 1998. By decision filed October 21, 1998, the magistrate denied appellant's motion in part, finding appellant's retirement was voluntary and not a change in circumstances. However, the magistrate found appellee's receipt of $225.25 per month under appellant's pension plan was a change in circumstances and accordingly reduced appellant's spousal support obligation from $850 to $627.75.
On November 4, 1998, appellant filed objections to the magistrate's decision. A hearing was held on February 16, 1999. By judgment entry filed same date, the trial court overruled the objections and approved the magistrate's decision.
Prior to this decision, on January 19, 1999, appellee filed a motion for contempt claiming appellant violated the spousal support order in making only one hundred dollar payments per month. On April 21, 1999, a magistrate held appellant in contempt, finding appellant voluntarily retired from his job and failed to pay spousal support as ordered. The trial court approved this contempt finding by judgment entry filed August 6, 1999.
Appellant filed an appeal. In an opinion filed September 27, 1999, this court affirmed the trial court's decision of February 16, 1999 approving the magistrate's decision of October 21, 1998. See, Dawson v. Dawson (September 27, 1999), Stark App. No. 1999CA00063, unreported.
Prior to this court's opinion, on July 15, 1999, the Social Security Administration issued a decision declaring appellant totally disabled from September 29, 1997. Based upon this decision, on December 13, 1999, appellant filed a motion to vacate orders pursuant to Civ.R. 60(B) and motion to modify spousal support. A hearing was held on January 18, 2000. By judgment entry filed January 21, 2000, the trial court denied appellant's motions, finding no change in circumstances and no basis for relief under Civ.R. 60(B).
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE JUDGMENT FILED PURSUANT TO OHIO CIVIL RULE 60(B)(5) ON THE GROUNDS THAT THERE WERE SUFFICIENT REASONS TO VACATE THE JUDGMENT AND THAT THERE WAS A MERITORIOUS DEFENSE TO THE FINDINGS OF THE COURT MADE ON OCTOBER 21, 1998 AND APRIL 21, 1999.
II
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO REDUCE THE MONTHLY AMOUNT OF SPOUSAL SUPPORT BECAUSE THE APPELLANT HAD SHOWN THAT THERE WAS A SUBSTANTIAL CHANGE OF CIRCUMSTANCES IN HIS FINANCIAL STATUS WARRANTING SUCH REDUCTION.
I
Appellant claims the trial court erred in denying his motion to vacate pursuant to Civ.R. 60(B)(5). We disagree.
A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Civ.R. 60(B)(5) empowers a trial court to relieve a party from a final judgment for "any other claim justifying relief from judgment." A movant for relief from judgment under Civ.R. 60(B) must demonstrate "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In his motion to vacate, appellant challenged the trial court's judgments approving the magistrates' findings of October 21, 1998 and April 21, 1999 wherein appellant was found to be voluntarily unemployed as a result of his own retirement and was found to be in contempt for failure to pay spousal support. Appellant based said motion on the Social Security Administration's July 15, 1999 decision finding him to be disabled and "entitled to a period of disability commencing September 29, 1997 and to disability insurance benefits." Appellant argues because of this decision, he is entitled to relief from the judgments of spousal support and contempt and the trial court should have vacated its previous orders pertaining thereto.
The trial court's February 16, 1999 order approving the magistrate's October 21, 1998 decision was appealed to this court in Dawson v. Dawson (September 27, 1999), Stark App. No. 1999CA00063, unreported. In said case, appellant specifically assigned as error the October 21, 1998 and February 16, 1999 findings on the issue of voluntary retirement as it related to the computation of spousal support. These assignments of error were denied. Upon review, we find the doctrine of res judicata appliessub judice.
In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio summarized the "law of the case" doctrine as follows:
 Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
Furthermore, we note a Civ.R. 60(B) motion is not a substitute for appeal.[1] Doe v. Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St.3d 128.
The contempt findings by the magistrate and approved by the trial court on April 21, 1999 and August 6, 1999, respectively, for failure to pay spousal support in 1996, 1997 and 1998, were not appealed and therefore are in fact the law of the case.
Upon review, we find the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not reducing his spousal support obligation or at the very least, in not granting him an evidentiary hearing on his motion to modify spousal support in order to demonstrate a change in circumstances. We agree.
The December 13, 1999 motion for modification of spousal support was based on the Social Security Administration's finding that appellant has a disability dating back to September 29, 1997. At the motion hearing before the trial court, appellant requested an evidentiary hearing on this issue. January 18, 2000 T. at 7. No evidentiary hearing was set.
Clearly the award of disability payments passes the threshold requirement of a valued change in circumstances. We therefore find the trial court erred in not granting an evidentiary hearing on the matter.[2]
Assignment of Error II is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally, one half to be paid by appellant and one half to be paid by appellee.
[1] In the October 21, 1998 and February 16, 1999 findings, it was found that appellant had been denied social security disability twice. It was the finding of the trial court that the reduction in income was a result of voluntary retirement.
[2] We note the previous finding of contempt and the judgment of this court are law of the case. The only modification of spousal support allowable is from the filing of the December 13, 1999 motion.