OPINION
{¶ 1} Appellant Elizabeth S. Vega appeals a judgment of the Tuscarawas County Common Pleas Court overruling her Civ.R. 60 (B)(5) motion for relief from a divorce judgment:
 {¶ 2} "The trial court erred in denying the plaintiff/appellant's motion for relief from judgment when the separation agreement failed to address all of the assets which were owned by the parties at the time of the final hearing and when defendant/appellee had failed to file a financial statement.
 {¶ 3} "The trial court erred in awarding attorney fees when no finding of reasonableness was made but rather awarded said fees as a sanction for failure on the part of counsel to give reasonable notice of subpoenaed information.
 {¶ 4} "The trial court erred in increasing the amount of the initial award of attorney fees when such a request was never made nor raised by defendant/appellee."
 {¶ 5} Appellant and appellee Pete Vega were divorced on June 30, 1997. The divorce entry incorporated a separation agreement which had been executed by the parties on June 25, 1997.
 {¶ 6} The parties began business in 1977, operating a corporation named Commercial and Industrial Sheet Metal. Around 1990, the parties started another corporation, known as Commercial and Industrial Supply. Appellant was under the impression that the two corporations had merged, which in fact was not the case. The sheet metal corporation continues to exist, and is currently operated by appellee.
 {¶ 7} In the separation agreement, appellee received seventy percent of the Commercial and Industrial Supply corporation and appellee received thirty percent. The agreement did not mention the sheet metal corporation. In 1998, appellee sold his interest in the Commercial and Industrial Supply Company to the parties' son. That corporation is currently in bankruptcy, while the sheet metal business is still an on-going concern.
 {¶ 8} The parties separated in November of 1996. When the separation agreement was negotiated in January of 1997, appellant was aware that appellee had a Merrill Lynch SEP account, which is a type of IRA. She believed that there was approximately $500,000 in that account. She also knew that appellee had a stock account in his own name, but was unaware of how much the account was worth. Both parties were represented by counsel at the time the agreement was negotiated.
 {¶ 9} In September of 2001, appellant was going through the papers of the Commercial and Supply business, which she was then operating with her son. The papers had been in her possession for approximately one year. As she was going through the papers, she discovered that as of January 31, 1997, appellee's SEP account had a balance of $670,000. She also discovered that the stock account which was in his name had a balance of around $83,000.
 {¶ 10} In December of 2001, appellant filed the instant motion to vacate the divorce judgment pursuant to Civ.R. 60(B)(5). Appellant alleged that appellee failed to disclose the value of the SEP and stock accounts, and the value of his individual business, which she incorrectly assumed had been merged. She also claimed that appellee failed to file a financial statement in the divorce proceeding.
 {¶ 11} In July of 2001, appellee remarried. In conducting discovery in the instant matter, counsel for appellant subpoenaed the bank records of both appellee and his current spouse, from 1997 up to the present. The records were subpoenaed without notice either to appellee or his counsel, which is required by Civ.R. 34(C) when seeking production of records from a person who is not a party to action.
 {¶ 12} Following a hearing before a magistrate, the magistrate recommended that the motion for relief from judgment be overruled, and granted a motion in limine filed by appellee to exclude the bank records improperly subpoenaed by appellant. The magistrate also recommended that appellee should be awarded attorney fees in the amount of $750. Appellant filed objections to the report of the magistrate. The court overruled the objections concerning the merits of the motion. However, the court deferred ruling on the issue of attorney fees until counsel for appellee could file an affidavit concerning such fees. The court gave appellant seven days following the filing of said affidavit to file a memorandum in opposition.
 {¶ 13} On May 20, 2002, seven days after the court's order, counsel for appellee filed an affidavit setting forth the hours he spent on the motion for relief from judgment and the motion in limine, and his hourly rate. The affidavit stated that legal fees in conjunction with the motions totaled $2625. On June 6, 2002, having received no opposing evidence or memorandum from appellant, the court awarded attorney fees in the amount of $2625.
 {¶ 14} Appellant filed a notice of appeal from both the May 13, 2002 and June 6, 2002 entries of the court. The cases have been consolidated by this court.
 I {¶ 15} In her first assignment of error, appellant argues that the court erred in overruling her motion for relief from judgment, as the separation agreement failed to address all of the assets owned by the parties at the time, and as appellee failed to file a financial statement.
 {¶ 16} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that she has a meritorious defense or claim to present if relief is granted; that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time. GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The standard by which we review a decision on a Civ.R. 60(B) motion is abuse of discretion. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18.
 {¶ 17} As to the SEP account and stock account, appellant testified that she was generally aware of their existence at the time of the separation agreement. While she was not aware of the exact value of these accounts, nothing prevented her from seeking information concerning the accounts at the time the separation agreement was entered. Appellant has not demonstrated any fraud or active concealment in failing to disclose the value of these assets at the time of the divorce.
 {¶ 18} As to the believed merger and valuation of the two corporations, appellant was represented by counsel at the time of the divorce, yet took no effort to obtain a valuation of the corporations. Again, there is no evidence to suggest that appellee actively concealed any information from appellant concerning the status of the corporations.
 {¶ 19} As to the failure of appellee to file a financial statement at the time of the divorce, Civ.R. 60(B) may not be used as a substitute for appeal. Doe v. Trumbull County Children's Services Board (1986),28 Ohio St.3d 128. At the time the divorce was finalized, it was apparent that appellee failed to file a financial statement, and appellant should have raised the issue by way of direct appeal.
 {¶ 20} Further, as to the requirement that the motion be made in a reasonable time, the record reflects that most of the items of which appellant now complains she had some general awareness of at the time of the divorce, yet did not raise for nearly five years. Appellant also testified that the documents she discovered in September of 2001, containing the information she now claims should have been disclosed at the time of the divorce, were in her possession for a year to eighteen months before she looked at them. In addition, in the five years following the divorce, appellee has remarried, appellant has filed for personal bankruptcy, and one of the corporations involved in the divorce proceeding has filed for bankruptcy. At this point in time, it would be virtually impossible for the court to put the parties back in the position they were in at the time of the divorce, and re-litigate a property division.
 {¶ 21} The court did not abuse its discretion in overruling the motion for relief from judgment. The first assignment of error is overruled.
 II {¶ 22} Appellant argues that the court erred in awarding attorney fees in the instant action. Appellant specifically argues that the court did not make a finding of reasonableness, but rather awarded the fees as a sanction for failure of counsel to give reasonable notice of subpoenaed information.
 {¶ 23} Appellant argues that the record, prior to the objection hearing, was void of any evidence of the time counsel for appellee had spent on the case and on this basis, the initial fee award should be vacated. However, the trial court deferred the issue of fees, giving appellee an opportunity to file an affidavit setting forth a statement of fees, and appellant an opportunity to object to the affidavit. Appellant failed to file anything in opposition to the affidavit filed by appellee, and cannot now complain that the award was not supported by the evidence.
 {¶ 24} Further, appellant has not demonstrated that the court abused its discretion in awarding fees in the instant case. It is apparent from appellant's testimony that she had a general awareness of all of the items she raised in her motion for relief from judgment five years earlier, at the time of divorce, yet failed to take action at that time to discover the value of these assets. Further, as found by the court, appellant subpoenaed bank records of appellee's current spouse, without providing proper notice as required by the Ohio Rules of Civil Procedure.
 {¶ 25} The second assignment of error is overruled.
 III {¶ 26} Appellant argues that the court erred in increasing the amount of the initial award of attorney fees when a request was not made or raised by appellee.
 {¶ 27} This claim is without merit. In his affidavit provided to the court pursuant to the May 13, 2002 judgment, counsel for appellee specifically laid out the work performed on the case, the number of hours performed on the case, and the hourly fee. The affidavit further stated that the total charge, at $125 per hour, was $2625. As noted earlier, having been given seven days to respond to the affidavit, appellant failed to file anything in opposition, and has waived any claim that the court erred in the amount of attorney fees. While appellant argues that at this point it was apparent that the court intended to award attorney fees, and filing anything in opposition seemed like a fruitless act, having lost the issue of the award of attorney fees, appellant still had an obligation to challenge the amount if she desired to preserve the issue for appeal.
 {¶ 28} The third assignment of error is overruled.
 {¶ 29} The judgment of the Tuscarawas County Common Pleas Court, Domestic Relations Division, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
Civ.R. 60(B) — divorce — non disclosure — separation agreement.