OPINION
{¶ 1} Plaintiff-appellant, Sandra L. Elfers, appeals the decision of the Clermont County Common Pleas Court, Domestic Relations Division, in a divorce proceeding against defendant-appellee, Robert Elfers, Jr. We affirm the trial court's decision.
 {¶ 2} Appellant and appellee were married on February 9, 1963. Four children were born issue of the marriage, all of whom are emancipated. Appellee currently works at General Electric and appellant works at a computer lab. She has been pursuing a Bachelor degree in criminal justice.
 {¶ 3} Appellant filed for divorce on April 4, 2001. Appellee filed a counterclaim for divorce on April 9, 2001. Appellant voluntarily dismissed her claim and the court proceeded upon appellee's counterclaim. Appellant's counsel moved to withdraw and requested a continuance. The magistrate granted the continuance; however, appellant would not divulge the name of her new counsel to the magistrate. On the day of the hearing, appellant had no counsel present to represent her.
 {¶ 4} The magistrate filed a decision on July 12, 2002 which was served on the parties on July 17, 2002. On August 5, 2002, appellant filed a Civ.R. 60(B) motion to set aside the decision. The magistrate denied the motion after a hearing. The decree of divorce was filed on October 9, 2002. Appellant appeals the divorce decree and the ruling on the Civ.R. 60(B) motion, raising three assignments of error. For the purpose of clarity, we will address the assignments of error out of order.
Assignment of Error No. 3
 {¶ 5} "THE TRIAL COURT ERRORED [SIC] IN ITS FAILURE TO GRANT A MOTION TO SET ASIDE THE DECISION."
 {¶ 6} Appellant failed to file objections to the magistrate's decision within 14 days as required by Civ.R. 53(E)(2). Instead, she filed a Civ.R. 60(B) motion asking the trial court to set aside the magistrate's decision so that she could file her objections. The magistrate held a hearing on the motion during which appellant argued that the magistrate's decision was not mailed until five days after it was journalized, limiting the time she had to respond. She also argued that she lacked a permanent address to which the decision could be sent, thereby causing her not to receive the decision in time to file objections.
 {¶ 7} The trial court denied appellant's motion to set aside the decision, stating that the magistrate's decision was not a final appealable order. Civ.R. 54(A); R.C. 2505.02. We agree with the trial court's decision. Appellant's Civ.R. 60(B) motion was premature as appellant filed the motion before the trial court had adopted the magistrate's decision. A magistrate's decision is not a final order or judgment for which a party may file a Civ.R. 60(B) motion. Civ.R. 54(A); R.C. 2505.02.
 {¶ 8} Further, appellant ended her Civ.R. 60(B) motion by stating "counsel respectfully request that the Decision be set aside and rejournalized with the appropriate objection period so that counsel can make a timely objection or, that this motion be treated as properly filedobjection." (Emphasis added.) A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v. Trumbull County ChildrenServices Board (1986), 28 Ohio St.3d 128, at paragraph two of the syllabus.
 {¶ 9} We note that even if the motion had been properly filed, it did not meet the requirements for a Civ.R. 60(B) motion as it did not demonstrate a meritorious defense, and did not demonstrate that appellant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). See GTE Automatic Elec., Inc. v. Arc Industries, Inc.
(1976), 47 Ohio St.2d 146. The motion did not meet the requirements for a proper objection either, as it was untimely filed and did not state any grounds for objecting to the decision. Civ.R. 53(E)(3)(a) and (b).
 {¶ 10} Finally, we note that appellant's contentions, that the delay in mailing her the magistrate's decision and her lack of a permanent address warrant the decision to be "rejournalized," are without merit. Appellant correctly notes that the magistrate's decision was not sent until five days after it was journalized. However, even taking this lapse in the mailing of the magistrate's decision into consideration, appellant's motion was still untimely. Appellant's assertion that she did not have a permanent address is also without merit, as the decision was sent to the two addresses appellant provided to the court.
 {¶ 11} We find the trial court did not err in denying appellant's motion to set aside the magistrate's decision. Appellant's third assignment of error is overruled.
Assignment of Error No. 1
 {¶ 12} "THE TRIAL COURT ERRORED [SIC] WHEN IT FAILED TO AWARD SPOUSAL SUPPORT."
 {¶ 13} As stated earlier, the trial court adopted the magistrate's findings that did not provide spousal support for appellant. Appellant did not object to the magistrate's decision within 14 days. See Civ.R. 53(E)(3)(b). Because appellant failed to object to the magistrate's findings, she is barred from raising on appeal the trial court's adoption of those findings. Back v. Back (Oct. 11, 1999), Butler App. No. CA99-02-033. However, plain error may be raised. Easterling v.Easterling (Apr. 13, 2001), Montgomery App. No. 18523; see Hill v.Urbana, 79 Ohio St.3d 130, 134, 1997-Ohio-400 (holding that an appellate court may recognize error not asserted in the trial court where the rights and interests involved may warrant it).
 {¶ 14} Plain error is limited to exceptionally rare cases in which the error, not objected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself."Goldfuss v. Davidson, 79 Ohio St.3d 116, 122, 1997-Ohio-401. After thoroughly reviewing the record, we find no plain error. Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 15} "THE TRIAL COURT ERRORED [SIC] WHEN IT FAILED TO GRANT THE PLAINTIFF A CONTINUANCE IN WHICH TO SEEK COUNSEL."
 {¶ 16} Appellant contends that she should have been granted a continuance in order to obtain the services of an attorney for her divorce hearing.
 {¶ 17} The decision to grant or deny a continuance is within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, paragraph one of the syllabus. We will not reverse the denial of continuance unless there has been an abuse of discretion. Id. at 67. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218-219.
 {¶ 18} Appellant's attorney asked to withdraw as counsel and moved for a continuance on April 24, 2002. The magistrate granted the motion to withdraw and the motion for a continuance. In its decision granting the motions, the magistrate noted that the original divorce action was filed in April 2001. Further, it stated that "[t]he court inquired of [appellant] whether she had retained counsel so that her new attorney's calendar could be checked before scheduling a new hearing. [Appellant] did not wish to divulge the name of her new attorney." The magistrate, who had already granted a continuance, further stated in its decision, "[a] continuance will not be granted for the presence of counsel, for a scheduling conflict, for the presence of a witness, or for any reason other than dire, extreme medical emergency or death."
 {¶ 19} Appellant appeared at the final hearing on May 21, 2002 without counsel. During the hearing, appellant did not ask for a continuance but did ask for an attorney. Litigants have no generalized right to appointed counsel in civil actions. In re Adoption of Drake, Clermont App. No. CA2002-08-067, 2003-Ohio-510, at ¶ 7. Further, the magistrate had already granted appellant a continuance of the original hearing date after allowing appellant's attorney to withdraw as counsel. We cannot say that the trial court abused its discretion denying appellant another continuance to obtain counsel. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.