OPINION
{¶ 1} In 1968 and 1969, the state of Ohio and the city of Sandusky were contractual partners in a road construction project in Sandusky, Ohio. As a part of the construction of the project, a visibility hazard was created that was not present before the project was built. The visibility hazard caused an automobile accident on October 31, 1981, resulting in catastrophic injuries to Kristine Miller, rendering her legally blind.
 {¶ 2} Kristine Miller brought an action against the city of Sandusky in the Erie County Court of Common Pleas. At trial, the jury found that the road was negligently designed and that the city had acted negligently in designing it and awarded damages to the Millers in the amount of $7.8 million. The city of Sandusky was ultimately required to pay $3.5 million.
 {¶ 3} The city of Sandusky brought an action for contribution and/or indemnification from the state of Ohio in the Court of Claims. The state of Ohio moved for dismissal arguing that there was no jurisdiction in the Court of Claims because the bridge was built in 1969, and the state did not waive its immunity from suit until 1975. Adopting this argument, the Court of Claims dismissed the case for want of jurisdiction on April 15, 1993. The city of Sandusky did not appeal the dismissal of the case. See Miller v. Ohio Dept. of Transp. (1993), 63 Ohio Misc.2d 363.
 {¶ 4} The city of Sandusky then filed an identical action for a contribution against the Ohio Department of Transportation ("ODOT") in the Erie County Court of Common Pleas. During the pendency of this action, this court issued a decision in another case nearly identical to the Miller case. Treese v. Delaware (1994), 95 Ohio App.3d 536. In Treese, we held that a cause of action accrues not when the road was designed but when an injury occurs. Hence, we specifically held in Treese that the Court of Claims' decision in Miller was wrong. Thus, the rationale behind the Court of Claims' dismissal, in April 1993, was overruled by Tresse as this court clearly held that the Court of Claims had jurisdiction over accidents that occurred after the Court of Claims Act even though the road had been built prior to the effective date.
 {¶ 5} Over the next several years, ODOT repeatedly tried to prevent the case from proceeding in the Erie County Court of Common Pleas because that court had no jurisdiction over claims against the state of Ohio, citing the Treese case as proof that the action did not belong in the common pleas court because the Court of Claims had exclusive jurisdiction.
 {¶ 6} Despite ODOT's argument, the Erie County Court of Common Pleas refused to dismiss the case for lack of jurisdiction and, ultimately, ODOT was required to defend a claim against the state for money damages to a jury in Erie County. After a week long trial, the jury unanimously found that ODOT was not negligent and granted judgment in its favor.
 {¶ 7} The city of Sandusky appealed to the Erie County Court of Appeals and ODOT cross-appealed, asserting that the common pleas court had no jurisdiction. The Court of Appeals held that the Erie County Court of Common Pleas did not have jurisdiction over the state of Ohio and that all of the actions of the court of common pleas were void ab initio. Appeal from that judgment to the Ohio Supreme Court was denied as improvidently granted. Miller v. State, 95 Ohio St.3d 1216,2002-Ohio-2216.
 {¶ 8} Ultimately, the city of Sandusky, in 2002, moved the Court of Claims to reopen the case on the basis of Civ.R. 60(B). The Court of Claims denied that motion. The city of Sandusky appeals to this court, asserting the following assignment of error:
The Court of Claims erred by not granting relief from judgment and permitting the case to go forward in that court.
 {¶ 9} Civ.R. 60(B), as pertinent, provides as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *.
 {¶ 10} The first three grounds for relief under Civ.R. 60(B) requires that the motion be made in a reasonable time not to exceed one year. The two avenues of relief (Civ.R. 60[B][4] and [5]) sought by the city of Sandusky in this case are not restricted specifically as to time but must be asserted within a reasonable time.
 {¶ 11} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146.
 {¶ 12} Appellants satisfy marginally at least the first two of the requirements for relief under Civ.R. 60(B). Appellants continue to assert that they have a meritorious claim to present by proving that ODOT was also responsible for the defective condition resulting in the accident to Kristine Miller. This is true even though the jury in the Erie County Court of Common Pleas rejected that claim since the Erie County Court of Common Pleas had no subject jurisdiction over the action and anything that was done is void. Secondly, Civ.R. 60(B)(4) is applicable because, in 1994, this court corrected the erroneous argument of the Attorney General and holding of the Court of Claims that resulted in dismissal of the 1993 claim for indemnification or contribution. It is equitable that the judgment should have prospective application. The problem area is the requirement that the motion be made within a reasonable time. Despite numerous opportunities and fully being advised of the Treese decision that properly construed the applicability of the Court of Claims Act to the time of accident, rather than the time of construction, the city of Sandusky stubbornly insisted, to the wasted expense of all parties, that subject matter jurisdiction belonged in the Erie County Court of Common Pleas. They compounded the problem by alleging to push fraud on the part of the Attorney General who argued no jurisdiction in the Court of Claims successfully and then mostly, after being educated by the Treese decision, argued that the Court of Claims was the only proper place. It is noted that attaining relief under Civ.R. 60(B) for fraud is limited to one year.
 {¶ 13} The Civ.R. 60(B) motion for relief from judgment is not a substitute for a timely appeal. Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128. In essence, the city of Sandusky had two options when their claim was erroneously dismissed by the Court of Claims in 1993 for lack of subject matter jurisdiction. The first option was to file a timely appeal to the Tenth District Court of Appeals, which, in fact, was done in the Treese case soon thereafter. The second option was to file a motion for relief from judgment with the Court of Claims within a reasonable time after the law was clarified by the Treese decision. The city of Sandusky took neither of these actions and, instead, insisted that jurisdiction was conferred upon the Erie County Court of Common Pleas by estoppel or waiver by the action of the Attorney General in asserting and convincing the Court of Claims that the time of construction was the crucial time rather than the time of the accident. Whether or not the attorney general was duplicitous is irrelevant to the decision herein. The Attorney General has no power to agree to jurisdiction in a court that has no subject matter jurisdiction over the state of Ohio.
 {¶ 14} As previously stated, the relief requested pursuant to Civ.R. 60(B) is not reasonably timely. The accident in issue took place 21 years ago. The evidence is stale. Significant witnesses are deceased. ODOT could be prejudiced by the Millers' delay because of the difficulty in finding witnesses who can credibly testify about the accident or what went on during the construction phase.
 {¶ 15} Appellants' assignment of error is overruled, and the judgment of the Court of Claims is affirmed.
Judgment affirmed.
PETREE, P.J., and BOWMAN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.