OPINION
{¶ 1} On September 16, 1985, appellant, Randy Jones, and appellee, Gloria Jones, were granted a dissolution of their marriage. Two children were born as issue of the marriage, Melissa Jones born February 22, 1981, and Catherine Jones born November 13, 1983. Appellant was ordered to pay $35.00 per week per child in child support.
 {¶ 2} On September 15, 2005, the Muskingum County Department of Job and Family Services, filed a motion in contempt against appellant for his failure to pay child support. A hearing was held on November 30, 2005. Pursuant to an agreed judgment entry filed December 1, 2005, appellant admitted to being in contempt of court, acknowledging he was in arrears in the amount of $21,497.84. Appellant agreed to a thirty day jail term which was suspended on the condition he pay the amount in January 2006.
 {¶ 3} On December 8, 2005, appellee filed a motion seeking to waive all child support due to her. By judgment entry filed December 16, 2005, the trial court denied the motion.
 {¶ 4} On January 24, 2006, appellant filed a motion to set aside the December 1, 2005 agreed judgment entry. By judgment entry filed February 24, 2006, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SET ASIDE AGREED JUDGMENT ENTRY."
 II {¶ 7} "THE COURT ERRED IN NOT APPROVING APPELLEE'S WAIVER OF CHILD SUPPORT ARREARAGES."
 I {¶ 8} Appellant claims the trial court erred in denying his Civ.R. 60(B) motion to set aside the agreed judgment entry. We disagree.
 {¶ 9} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellant based his Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). InGTE Automatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} The basis of appellant's request for relief was that he entered into the agreed entry on his child support arrearage unaware of appellee's waiver of the arrearage. Appellant did not deny that he was in arrears, the amount due or that he was in contempt of the court's child support order on the arrearage. See, Randy Jones aff. filed January 24, 2006.
 {¶ 12} On December 8, 2005, appellee filed a motion to waive all balances due, arguing the "child that the Obligor was to support is fully grown and on her own and requires no assistance from Mr. Jones." By judgment entry filed December 16, 2005, the trial court denied the motion and no appeal was taken from this denial. We note a Civ.R. 60(B) motion for relief from judgment is not a substitute for appeal. Doe v. Trumbull County ChildrenServices Board (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
 {¶ 13} In its February 24, 2006 judgment entry denying appellant's motion for relief from judgment, the trial court set forth the issues involved in a waiver of child support:
 {¶ 14} "The motion of petitioner Gloria A. Jones Dalessandri to waive all balances due does not set fourth (sic) on its face any of the factors set fourth (sic) in Revised Code Section3119.23 that the Court may consider in determining whether a deviation in child support is appropriate. The Court believes that permitting obligors to build up a substantial arrearages in child support obligations and then persuade the oblige to waive those arrearages should not be sanctioned. The Court may not approve an initial child support order arrived at between the parties that does not comply with the child support guidelines without entering specific findings as to why such an order would be unjust, unreasonable and not in the child's best interest. To, in effect, permit this to happen after the fact through the use of a waiver violates not only the spirit but what the Court determines to be the letter of the child support statute."
 {¶ 15} Because appellee's request to waive child support was denied, appellant does not have a meritorious claim to present under GTE Automatic.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims the trial court erred in denying appellee's motion to waive the child support arrearage. We disagree.
 {¶ 18} The trial court's denied appellee's motion on December 16, 2005. The notice of appeal sub judice was filed on March 21, 2006. We specifically find the issue was not timely appealed.
 {¶ 19} Assignment of Error II is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is affirmed.